

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 21, 1971

Honorable Doug Crouch
District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. M- 1018

Re: Whether the inclusion of
a presidential preferential
question on the official
primary election ballots of
the political parties in
Tarrant County would result
in invalidation of the of-
ficial ballots as to the

Dear Mr. Crouch:

other races on the ballot.

You have requested an opinion from our office on the fol-
lowing question:

"Whether or not the inclusion of a presiden-
tial preferential question on the official primary
election ballots of the political parties in Tarrant
County would result in the invalidation of the
official ballots as to the other races on the bal-
lot."

The Texas Election Code provides the sole and exclusive
method for the conduct and the holding of primary elections.
Article 1.01[1] provides as follows:

"The aim in adopting this Code is to state
in plain language the laws governing the nomina-
tion and election of officers and of holding other
elections, to simplify, clarify and harmonize the
existing laws in regard to parties, suffrage nom-
inations, and elections, and to safeguard the pur-
ity of the ballot box against error, fraud, mistake
and corruption, to the end that the will of the

---

[1] All articles referred to are V.A.T.S., Election Code, unless
otherwise stated.

people shall prevail and that true democracy
shall not perish from the Lone Star State.
To that end the provisions of this Code shall
apply to all elections and primaries held in
this State, except as otherwise provided herein."
(Emphasis added.)

Article 6.05 provides for the form of the official ballot in all elections in which presidential candidates' names appear on the ballot. Subdivision 4 of this Article specifies that the names of the candidates for President and Vice President shall appear on the ballot at the head of their respective tickets.

Article 6.07 provides a method for the legislature to submit proposed constitutional amendments or other questions to be voted upon by the electorate in primary elections. Article 13.33 provides that the official ballot as prescribed by Article 6.05 be used in the primary election and further specifies the exclusive method of submitting special referendum questions on the official primary ballot. Article 13.33 provides, in part, as follows:

> ". . . The state executive committee may submit, at the general primary election, any demand for specific legislation on any subject, or any other matter, which may be proposed for inclusion in the platform or resolutions of the party, and upon petition of five per cent of the voters of the party, as shown by the total number of votes cast for Governor at the last preceding general primary, the state executive committee shall submit any such question or questions to the voters at the next general primary."
> (Emphasis added.)

The Election Code does not provide for presidential preferential questions to be included on the official primary ballot.

The courts have held that the election laws, even though they may be mandatory in form, are construed as directory in the absence of fraud or unless the departure or irregularity has affected or changed the results of the election. Whiteside v. Brown, 214 S.W.2d 844 (Tex.Civ.App. 1948, error dis.); Minthorn v. Hale, 372 S.W.2d 752 (Tex.Civ.App. 1964, no writ).

Sawyer v. Board of Regents of Clarendon Junior College, 393 S.W.2d 391 (Tex.Civ.App. 1965, no writ).

Irregularities or minor departures from the express provisions of the Election Code do not normally affect the outcome of an election. However, in a situation which might arise, we are not presented with what irregularities, minor or gross in their nature, exist. Thus, we are faced with a hypothetical fact situation, wholly conjectural and speculative. It is contrary to the settled policy of this office to render an opinion on purely conjectural, hypothetical, or speculative questions.

We are unable to say whether or not a presidential preferential question willfully included on the official primary ballot of Tarrant County in direct contravention of the Election Code would constitute a fraud or would affect the outcome of the election. This factual determination would have to be made after a full investigation of all the relevant facts surrounding the election. This office has no authority to pass on questions of fact.

### S U M M A R Y

There is no statutory authority to authorize the inclusion of a presidential preferential question on the official primary election ballots of the political parties of any county of the State.

It is contrary to the policy of this office to render opinions based on fact situations wholly conjectural and speculative, i.e. whether such an irregularity as the inclusion of a presidential preferential question on the primary ballot of political parties might affect the outcome of the election.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by E. L. Hamilton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

W. O. Shultz
William J. Craig
Fisher Tyler
Lonny Zwiener

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant