ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 25, 2003

The Honorable Florence Shapiro
Chair, Education Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. GA-0125

Re: Whether a minor may be classified as a "missing child" under article 63.001, Code of Criminal Procedure, if the minor's legal custodian knows the minor's whereabouts (RQ-0057-GA)

Dear Senator Shapiro:

You request our opinion on the definition of "missing child" in Code of Criminal Procedure article 63.001(3).[1] One of your constituents reported his seventeen-year-old daughter as a missing child. *See* Request Letter, *supra* note 1. She had left home voluntarily, and your constituent soon determined his daughter's location and relayed that information to the police. *See id.* The police department declined to take possession of the child, stating that because her location was known, she could no longer be reported as missing and the department had no authority to act.

The age of the child is significant because a seventeen-year-old who voluntarily leaves home without parental consent and without intending to return may not be taken into custody under the Juvenile Justice Code, Family Code title III. An unemancipated[2] seventeen-year-old is not a "child" within the Juvenile Justice Code. *See* TEX. FAM. CODE ANN. § 51.02(2)(A)-(B) (Vernon 2004) (defining "child" as a person ten years of age or older and under 17, or a person between 17 and 18 who engaged in or is alleged to have engaged in certain conduct before becoming 17). A child under 17 who is voluntarily absent from home without the consent of his or her parent or guardian "for a substantial length of time or without intent to return" has engaged in "conduct indicating a need for supervision," *id.* § 51.03(b), and may be taken into custody by a law enforcement officer. *See id.* § 52.01(a)(3). In contrast, a seventeen-year-old who engages in the same conduct may not be taken into custody pursuant to the Juvenile Justice Code. *See* Tex. Att'y Gen. Op. No. JC-0229 (2000) at 4-5.

---

[1]Letter from Honorable Florence Shapiro, Chair, Education Committee, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (May 22, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]An "emancipated child" has been freed of the disabilities of minority. *See* TEX. FAM. CODE ANN. § 1.104 (Vernon 1998) (removal of disabilities of minority by marriage), ch. 31 (Vernon 2002) (petition to have disabilities of minority removed), § 101.003(a) (Vernon 2002) ("child" is a person under 18 who is not married or has not had disabilities of minority removed), § 154.001(a)(2) (Vernon 2002) (emancipation by marriage, removal of disabilities of minority, or operation of law for purposes of child support) [hereinafter "emancipated child"].

A brief addressing your request suggests that Code of Criminal Procedure chapter 63, which provides for the investigation of missing person and missing child reports, may provide a "legal mechanism . . . for parents in the state of Texas to secure their lawful right to possession of an unemancipated seventeen-year-old who has voluntarily left home."[3] *See* TEX. CODE CRIM. PROC. ANN. art. 63.001(1) (Vernon Supp. 2004) ("child" is a person under 18 years of age); TEX. FAM. CODE ANN. § 151.001(a)(1) (Vernon Supp. 2004) (parent of a child under 18 has the right to physical possession of and to establish the residence of the child). A rticle 6 3.009(g) s tates that "[o]n determining the location of a child . . . an officer shall take possession of the child and shall deliver or arrange for the delivery of the child to a person entitled to possession of the child." TEX. CODE CRIM. PROC. ANN. art. 63.009(g) (Vernon Supp. 2004); *see also id.* art. 2.13(c) (reiterating officer's duty under article 63.009(g)). Attorney General Opinion JC-0229 (2000) determined that a law enforcement officer has an affirmative duty under article 63.009(g) to take possession of a missing child whom he or she has located and can use reasonable force to do so. *See* Tex. Att'y Gen. Op. No. JC-0229 (2000) at 3, 7-9. As you indicate, Attorney General Opinion JC-0229 does not address the duties of law enforcement officers "where a seventeen-year-old child is unemancipated and reported missing by the legal guardian who knows the whereabouts of the child." Request Letter, *supra* note 1. Thus, you ask whether a child may still be a "missing child" when the legal guardian knows where he or she is.

Chapter 63, Code of Criminal Procedure requires a local law enforcement a gency that receives a report of a missing person or missing child to investigate the present location of the person or child. *See* TEX. CODE CRIM. PROC. ANN. art. 63.009(a) (Vernon Supp. 2004). Chapter 63 defines a "child" as "a person under 18 years of age." *Id.* art. 63.001(1). A "missing child"

> means a child *whose whereabouts are unknown to the child's legal custodian*, the circumstances of whose absence indicate that:
>
> (A) the child did not voluntarily leave the care and control of the custodian, and the taking of the child was not authorized by law;
>
> (B) the child voluntarily left the care and control of his legal custodian without the custodian's consent and without intent to return; or
>
> (C) the child was taken or retained in violation of the terms of a court order for possession of or access to the child.

*Id.* art. 63.001(3) (emphasis added). A "missing child" is "a child whose whereabouts are unknown to the child's legal custodian," subject to the circumstances of absence set out in article 63.001(3)(A)-(C).

---

[3]Brief from Nydia D. Thomas, Senior Staff Attorney, Texas Juvenile Probation Commission, to Honorable Greg Abbott, Texas Attorney General at 2 (July 8, 2003) (on file with Opinion Committee) [hereinafter Thomas Brief].

Article 63.001(4) states additional circumstances that would define a child as missing.

> "Missing child" or "missing person" *also includes* a person of any age who is missing and:
>
>> (A) under proven physical or mental disability or is senile, and because of one or more of these conditions is subject to immediate danger or is a danger to others;
>>
>> (B) is in the company of another person or is in a situation the circumstances of which indicate that the missing child's or missing person's safety is in doubt; or
>>
>> (C) is unemancipated as defined by the law of this state.

*Id.* art. 63.001(4) (emphasis added).

At first glance, the definition of "missing child" in sections 3 and 4 of article 63.001 might appear to conflict. The section 3 definition imposes the requirement that the "whereabouts [of the child] are unknown to the child's legal custodian," and, in addition, requires that one of three additional circumstances be present: (1) the child was taken involuntarily from her legal guardian's custody; (2) the child voluntarily left the custody of her legal guardian without intent to return; or (3) the child was taken from her guardian's custody in violation of a court order. *Id.* art. 63.001(3). In the situation you present, the child does not fall within the definition of "missing child" in section 3 because her absence does not fulfill the threshold requirement, *i.e.*, her whereabouts are not unknown to her legal custodian. *See* Request Letter, *supra* note 1.

Section 4, on the other hand, applies to a missing person of any age. *See* TEX. CODE CRIM. PROC. ANN. art. 63.001(4) (Vernon Supp. 2004). Section 4(C) includes within the definition a person who "is unemancipated as defined by the law of this state." *Id.* art. 63.001(4)(C). Your request letter indicates that the person who is the subject of this inquiry is a seventeen-year-old unemancipated minor child. *See* Request Letter, *supra* note 1.

If section 4(C) were applied in isolation to this fact situation, section 3 would be rendered meaningless. Whether the child's legal custodian had knowledge of her whereabouts would be irrelevant, because the mere fact of the child's status as an unemancipated minor would be sufficient to trigger the duties of law enforcement personnel under chapter 63 with regard to any missing child. A construction should be avoided that will render any part of a statute inoperative, nugatory, or superfluous. *See City of San Antonio v. City of Boerne*, 11 S.W.3d 22, 29 (Tex. 2003) (quoting *Spence v. Fenchler*, 180 S.W. 597, 601 (Tex. 1915)); *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (citations omitted).

Furthermore, we are not permitted to read section 4(C) in isolation. Rather, we must attempt to harmonize sections 3 and 4. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (entire statute intended to be effective); *City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex. 1998) (statutes should be read to avoid conflict and superfluities if possible). Both sections 3 and 4 of article 63.001 were adopted as part of the same bill in 1985.[4] *See* Act of May 6, 1985, 69th Leg., R.S., ch. 132, § 1, 1985 Tex. Gen. Laws 614, 614. In order to harmonize sections 3 and 4, we read section 3 as placing additional conditions upon the definition of "missing child" in section 4. Thus, a missing person who is unemancipated is a missing child under article 63.001 *only* if, in addition, the person's "whereabouts are unknown to the child's legal custodian," and one of the three conditions of section 3 also pertain. *See* TEX. CODE CRIM. PROC. ANN. art. 63.001 (Vernon Supp. 2004). Under the facts you describe, the child in question does not fall within the definition of "missing child," because her whereabouts are not unknown to her legal custodian. *See* Request Letter, *supra* note 1.

You also ask about the duty of law enforcement personnel under chapter 63 in this fact situation. *See id.* The duties of law enforcement agencies regarding a missing child are described in article 63.009. *See* TEX. CODE CRIM. PROC. ANN. art. 63.009 (Vernon Supp. 2004). Because we have determined that the child, in the circumstances you describe, is not encompassed within the definition of "missing child," no duty of law enforcement under article 63.009 is triggered.

We emphasize that this opinion is limited to the facts described, *i.e.*, an unemancipated seventeen-year-old who voluntarily left the care and control of her legal custodian, and whose whereabouts are not unknown to her legal custodian. *See* Request Letter, *supra* note 1.

---

[4]These provisions were originally placed in chapter 74 of the Human Resources Code; the term "child" at that time was defined as "a person under 17 years of age." *See* Act of May 6, 1985, 69th Leg., R.S., ch. 132, § 1, 1985 Tex. Gen. Laws 614, 614.

## S U M M A R Y

While a child under 17 who is voluntarily absent from home without the consent of his or her parent or guardian "for a substantial length of time or without intent to return" may be taken into custody by a law enforcement officer pursuant to Family Code provisions, a seventeen-year-old who engages in the same conduct may not be.

A child, including an unemancipated seventeen-year-old, who voluntarily leaves the care and control of his or her legal custodian without the custodian's consent and without intent to return is not a "missing child" under Code of Criminal Procedure chapter 63 if the custodian knows where the child is located. If the custodian determines the child's location after filing a missing child report and notifies the investigating law enforcement agency, the agency has no duty to continue the investigation or to take possession of the child and return him or her to the custodian.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee