

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

July 31, 2017

Mr. Raymond Palacios, Jr.
Chairman, Department of Motor Vehicles
  Board
4000 Jackson Avenue
Austin, Texas 78731

Opinion No. KP-0156

Re: Whether wholly owning a motor vehicle manufacturer results in affiliation with that manufacturer for purposes of subsection 2301.476(a)(2) of the Occupations Code (RQ-0170-KP)

Dear Mr. Palacios:

You ask whether a company that wholly owns a motor vehicle manufacturer but relinquishes control of the manufacturer is "affiliated with" the manufacturer for purposes of section 2301.476 of the Occupations Code.[1] Generally, a motor vehicle "manufacturer . . . may not directly or indirectly: (1) own an interest in a . . . dealer or dealership; (2) operate or control a . . . dealer or dealership; or (3) act in the capacity of a . . . dealer." TEX. OCC. CODE § 2301.476(c).[2] For purposes of this prohibition, a "manufacturer" includes "a person who: (A) is affiliated with a manufacturer or representative; or (B) directly or indirectly through an intermediary, is controlled by, or is under common control with, a manufacturer." *Id.* § 2301.476(a)(2).

As background, you describe a scenario where a parent company owns and controls a Texas-licensed motor vehicle manufacturer and a Texas-licensed automobile dealership. Request Letter at 1. You explain that "[a]s the corporate relationship between these three entities stands today," both the dealer and the parent company qualify as manufacturers under subsection 2301.476(a)(2). *Id.* If the parent company "relinquishes control" of the manufacturer while maintaining ownership, you question whether such action would bring the parent company into compliance with subsection 2301.476(c). *Id.* at 2.

Subsection 2301.476(a) describes two characteristics that result in an entity qualifying as a manufacturer, separated by "or." *See* TEX. OCC. CODE § 2301.476(a). When construing statutes, "[w]e limit our analysis to the words of the statute and apply the plain meaning . . . unless a

---

[1]*See* Letter from Mr. Raymond Palacios, Jr., Chairman, Tex. Dep't of Motor Vehicles Bd., to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (July 6, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]For purposes of chapter 2301, "dealer" means "a person who holds a general distinguishing number issued by the board under Chapter 503, Transportation Code." TEX. OCC. CODE § 2301.002(7). "Manufacturer" means "a person who manufactures or assembles new motor vehicles." *Id.* § 2301.002(19).

different meaning is apparent from the context or the plain meaning leads to absurd . . . results." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quotation marks omitted). The plain meaning of the term "or" expresses a choice between two alternatives. *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 581 (Tex. 2000) (explaining that the Legislature's use of the disjunctive term "or" generally "signifies a separation between two distinct ideas"). Thus, when we give the term "or" its plain, grammatical meaning as a disjunctive expressing a choice between two possibilities, subsection 2301.476(a) results in two avenues by which an entity may itself qualify as a manufacturer: *either* by affiliation with a manufacturer; *or* under control by, or under common control with, a manufacturer. *See* TEX. OCC. CODE § 2301.476(a).

Under the facts you describe, the manufacturer does not control the parent company, nor is the parent company under common control with the manufacturer. Thus, the parent company will not qualify as a manufacturer under subsection 2301.476(a)(2)(B) based on the facts you describe. *See id.* § 2301.476(a)(2)(B). However, subsection (A) provides a distinct way to qualify as a manufacturer apart from subsection (B). An entity will still qualify as a manufacturer if it remains affiliated with the manufacturer. *Id.* § 2301.476(a)(2)(A). We must therefore determine the meaning of the phrase "affiliated with" to analyze whether the parent company you describe qualifies as a manufacturer for purposes of section 2301.476.

The Legislature did not define "affiliated" for purposes of chapter 2301 of the Occupations Code, and we find no cases construing the meaning of the term in the context of section 2301.476. While definitions of "affiliate" exist throughout the statutes, those definitions differ significantly depending on the context. *Compare* TEX. UTIL. CODE § 11.003(2)(C) (defining affiliates of electric utilities to include, among others, "a corporation that has at least five percent of its voting securities owned or controlled, directly or indirectly, by a public utility"), *and* TEX. TAX CODE § 171.0001(1) (defining "affiliated group" for purposes of the franchise tax as "a group of one or more entities in which a controlling interest is owned by a common owner or owners, either corporate or noncorporate, or by one or more of the member entities"), *with* TEX. OCC. CODE § 1201.003(2) (defining "affiliate" for purposes of the Manufactured Housing Standards Act as "a person who is under common control"), *and* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(1) (defining "affiliate" for purposes of the Medical Liability Act as "a person who, directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with a specified person, including any direct or indirect parent or subsidiary"). Given the Legislature's divergent definitions of "affiliate" in various contexts, we cannot rely on a statutory definition of affiliate inapplicable to chapter 2301 to determine the term's meaning in that context.[3] *See Colorado Cty. v. Staff*, 510 S.W.3d 435, 453 (Tex. 2017) (noting the difference "between consulting other

---

[3]Multiple briefs submitted in response to this request suggest that the Legislature generally understands "affiliate" in terms of control alone. *See e.g.*, Letter from Michael C. Terrell, TaftLaw, to Honorable Ken Paxton, Tex. Att'y Gen. at 2–3 (July 27, 2017) (on file with the Op. Comm.); Letter from Bill Cobb, Cobb & Counsel, to Honorable Ken Paxton, Tex. Att'y Gen. at 3–4 (July 27, 2017) (on file with the Op. Comm.). However, it is not possible to divine a general legislative understanding of the term from the differing statutory definitions of the term in different contexts. Of course, the Legislature may define "affiliated with" for purposes of this section if it intends a specific meaning different from the common understanding of the term.

statutory definitions to determine common meaning and engrafting a special definition from one statute to circumscribe the plain meaning of a term used in another" and declining to do the latter).

Instead, we look to the common meaning of the term "affiliate." *See In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014) (explaining that "undefined terms in a statute are typically given their ordinary meaning"). The common understanding of the term "affiliate" is a "corporation that is related to another corporation by shareholdings *or* other means of control; a subsidiary, parent, or sibling corporation." BLACK'S LAW DICTIONARY 63 (8th ed. 2004) (emphasis added); *see also Tex. Rice Land Partners, Ltd. v. Denbury Green Pipeline-Tex., L.L.C.*, 381 S.W.3d 465, 467 (Tex. 2012) (Wainwright, J., concurring) (using the same definition to discuss the meaning of "affiliate" in determining whether an entity established a common carrier pipeline). Thus, the common understanding of the term "affiliate" includes concepts of both ownership and control.

A contextual reading of subsection 2301.476(a)(2) supports using the common understanding of the term affiliate. Subsection 2301.476(a)(2) establishes two distinct methods to qualify as a manufacturer, either through affiliation or control. TEX. OCC. CODE § 2301.476(a)(2). Limiting the meaning of the term "affiliated" to the concept of control would render subsection (A) meaningless. Courts avoid adopting an interpretation that renders any portion of a statute meaningless. *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 55 (Tex. 2015). Accordingly, the use of the term "affiliated" suggests that the Legislature meant something beyond mere control.

Your question in essence asks whether a company's relinquishing control of a manufacturer will suffice to avoid an affiliation with the manufacturer even if the company continues to own the manufacturer.[4] Because the common understanding of "affiliated with" includes both ownership and control, a court is likely to conclude that a company that relinquishes control of a manufacturer but maintains full ownership of that manufacturer remains affiliated with the manufacturer for purposes of subsection 2301.476(a)(2)(A).[5]

---

[4]Whether a company in fact relinquished total control of a manufacturer while maintaining full ownership is a question that would involve factual inquiries into the nature of the continued ownership. *See* TEX. INS. CODE § 823.005 (defining "control" as "the power to direct . . . the management and policies of a person . . . . The power may be possessed directly or indirectly by any means, including through the ownership of voting securities"). Any such factual determination is beyond the scope of an attorney general opinion.

[5]In the facts you describe, the parent company plans to "wholly own" the motor vehicle manufacturer after relinquishing control of it. Request Letter at 2. We limit our opinion to these facts and do not address to what extent nominal or minority ownership would suffice to result in an affiliation with the manufacturer.

## S U M M A R Y

For purposes of section 2301.476 of the Occupations Code, a manufacturer includes an entity affiliated with a manufacturer. The common understanding of the term affiliate includes concepts of both ownership and control. Thus, a court is likely to conclude that a company that relinquishes control of a manufacturer but maintains full ownership of that manufacturer remains affiliated with the manufacturer for purposes of section 2301.476.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee