R. L. Hanson et al v. George L. Jordan et al.

No. A-1044. Decided December 18, 1946.
(198 S. W., 2d Series, 262.)

*E. E. Davis,* of Dayton, *T. J. Hightower* and *R. E. Biggs,* of Liberty, for appellant.

*Frank K. Dougharty* and *Carl C. Patrick,* both of Liberty, for appellee.

Mr. Justice Brewster delivered the opinion of the Court.

This case is here on certified question from the Court of Civil

Appeals at Beaumont. We quote from the certification the relevant facts as well as the question submitted.

"The incorporated City of Cleveland, in Liberty County, Texas, held an election in 1945 for the purpose of determining whether such city should authorize its city council to issue bonds and thereby lend its credit to the amount of $120,000.00 for streets and sewer improvements. The City of Cleveland, since its incorporation in 1935, had not levied any ad valorem tax and had prepared no tax roll from that time to the time of the election. None of its citizens had rendered their property to the city for taxes and no property had been placed on the tax rolls, rendered or unrendered, by the city governing body. The votes at the election were in favor of authorizing the issuance of such bonds and an election contest was duly filed by the appellants. One of the grounds urged in the trial of such election contest was that no person who voted at such election was a qualified elector, all voters thereat being persons who had not rendered their property to the city for taxation as required by Article 2955a, Vernon's Annotated Civil Statutes of Texas, and Article 6, Section 3a of the Constitution of Texas, adopted November 8, 1932. In the opinion and judgment of this court the contention of the appellants was upheld.

"There is no authority directly in point to be found and we certify to the Supreme Court the following question:

"In the absence of a showing of fraud, does the failure to comply with the provisions of Article 6, Section 3a, Constitution of the State of Texas, in regard to the rendition of property for taxes by all voters at a bond election, constitute grounds for declaring such election invalid, when the voters at such election were otherwise qualified and when it is shown that the municipal subdivision holding such bond election, a city operating under the general laws of Texas, had not prior to such election required a rendition of any property for taxes and had never levied an ad valorem tax?"

In its relation to the question under consideration, Art. VI, Sec. 3a, of the Constitution, supra, adopted in 1932, provides: "When an election is held by * * * any city, town or village, for the purpose of issuing bonds or otherwise lending credit, * * * *only qualified electors* who own taxable property in the * * * city, town or village where such election is held, and *who have duly rendered the same for taxation, shall be qualified to vote * * *.*" (Italics ours.)

Prior to 1932, the qualifications of a voter in a city bond election were prescribed by Art. VI, Sec. 3, and it was only necessary that an elector pay taxes on property in the city. Thus the principal change wrought by Art. VI, 3a, supra, was that he must have "duly rendered the same for taxation."

Art. VI, Sec. 3a, was before this court for construction in Markowsky et al v. Newman et al, 134 Texas, 440, 136 S. W. (2d) 808. There the question was whether a voter who did not render his property for taxes within 90 days after the beginning of the city's fiscal year, as required by statute, but did render it before a bond election was held on November 29 thereafter, could legally vote in that election. It was held that he could. In reaching that conclusion this court said that the good sought to be accomplished by the people in adopting Art. VI, Sec. 3a, so as to require that a voter in a city bond election must have duly rendered his property for taxation, "was to induce owners of property to place it upon the tax rolls and become liable for its pro rata share of the taxes levied and assessed by the municipality"; that the evil intended to be remedied thereby was to keep people from voting in such elections "without having any property on the tax rolls and in fact without paying any taxes to the municipality at all."

■ We cannot see how this purpose of the people in adopting the amendment under consideration was in any manner violated in the bond election held by the City of Cleveland. The certificate says there was no fraud; that "the voters at such election were otherwise qualified." In other words, each voter at the election was a property owner, and the only reason he had not rendered his property for taxes was the very sufficient one that there were no taxes to pay. To hold that a voter in that situation could not legally cast his ballot would be but to punish a citizen who had been guilty of no dereliction or omission whatever. It would amount to a disfranchisement of the entire property-owning citizenship of Clevelend because for a decade that city very commendably levied no taxes when no taxes were necessary. It would mean that Cleveland cannot now pave its streets or make sewer improvements only because it has practiced frugality for ten years. We do not believe the voters of this state had any such intendment when they adopted Art. VI, Sec. 3a, supra. To hold the election in this case invalid under the facts stated, would accomplish no good; it would remedy no evil.

■ Moreover, the article in question recognizes that the City of Cleveland had the right and the authority to hold an election in

1945 to determine whether it would issue bonds for street and sewer improvements. But to sustain appellants' contention would destroy that right and authority by making it impossible for the city to have held that election and would, therefore, violate the rule that in construing a constitutional provision the courts "should avoid a construction which renders any provision meaningless or inoperative and must lean in favor of a construction which will render every word operative, rather than one which may make some words idle and nugatory." 11 Am. Jur., p. 665, Sec. 55, citing State v. Gillette's Estate, 10 S. W. (2d) 984.

So our answer is "No."

Opinion delivered December 18, 1946.