E. E. GREEN et al., Appellants,

v.

E. H. STIENKE et al., Appellees.

No. 7078.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 13, 1959.

Perkins & Vollentine, Gonzales, for appellants.

John A. Hancher, Columbus, for appellees.

DAVIS, Justice.

This is an election contest relating to a bond election held on June 22, 1957, in Colorado County Water Control District No. 2, a water district authorized under Sec. 59 of Art. 16, Texas Constitution, Vernon's Ann.St. and Arts. 7880–1 to 7880–147z, inclusive, Vernon's Ann.Texas Civ. St.

The Board of Directors of the Water District canvassed the returns of the election and declared that the bond issue had carried by a vote of 124 for the issuance of the bonds to 123 votes against the same. E. E. Green et al., as contestants, timely filed a contest of the election, challenging the qualifications of certain voters voting

for the proposition, and also asserting that four persons who were qualified voters were wrongfully refused the right to vote.

E. H. Stienke et al., Directors of the Water District as contestees, answered by general denial, and also challenged the qualifications of certain voters who voted against the proposition at the election. The case was tried before the court without a jury and the court entered judgment for the contestees after finding that six illegal votes had been cast for the proposition and six illegal votes had been cast against the proposition; leaving the vote 118 for the issuance of the bonds and 117 votes against the issuance of the bonds. It was stipulated that the Water District was wholly within Garwood Independent School District, hereinafter referred to as the "School District", in Colorado County and that the School District was wholly within Colorado County. The Water District does not include all of the School District. It was further stipulated that no taxes had previously been levied, assessed or collected in the Water District, and that no tax roll had been compiled for the Water District. On the night of June 20, 1957, the Directors of the Water District met and passed a resolution attempting to authorize the Tax Assessor, Tax Collector, and Board of Equalization of the School District to be the Tax Assessor, Tax Collector and Board of Equalization of the Water District, and also attempting to adopt that part of the tax rolls of the School District covered by the Water District as the tax rolls of the Water District in keeping with the provisions of Art. 1066–b, V.A.T.C.S. There is no provision in the statute that authorizes such adoptoin of such tax rolls.

It was further stipulated at the trial that four of the voters who voted at the election *for* the issuance of the bonds were disqualified, and that one of the persons who voted at the election *against* the issuance of the bonds was disqualified; they are included among those found by the trial court to be illegal. Contestants perfected their appeal and bring forward three points of error.

■ By Point 1, appellants complain of the action of the trial court in holding that five of the persons who voted at the election against the issuance of the bonds were not qualified voters because they did not own taxable property within the Water District that had been rendered for taxes to the School District. In view of the holding of our Supreme Court in the cases of Hanson v. Jordan, 145 Tex. 320, 198 S.W. 2d 262; Polk v. Vance, 150 Tex. 586, 243 S.W.2d 829; and Markowsky v. Newman, 134 Tex. 440, 136 S.W.2d 808, the point is well taken and must be sustained. The challenged voters owned property situated within the Water District subject to being assessed for taxes if and when any taxes are ever levied and assessed within the Water District. The voters possessed all other qualifications necessary to vote.

Contestees-appellees advance the theory that the above-cited cases are not applicable, because the Water District had adopted the tax roll of the School District and that only those persons who had rendered taxes to the School District were eligible to vote. This theory is untenable for two reasons: (1) The statute, Art. 1066–b, does not authorize such action; and (2) the resolution was adopted only 36 hours before the polls were opened for the election, the public had no notice of such action and did not have an opportunity to render their property for taxes to the School District in the event they had not already done so in order to qualify themselves to vote. Point 1 is sustained.

■ Appellants' Point 2, complaining of the action of the trial court in failing to find that two voters who voted for the proposition were disqualified for other reasons than found by the trial court that they were disqualified is immaterial because appellees failed to challenge the finding of the trial court that said voters were disqualified, and we are bound by the action

of the trial court on these findings. Point 2 is overruled.

In view of the findings of fact by the trial court, appellees' Point 3 is without merit and is respectfully overruled.

For the error hereinabove pointed out, the judgment of the trial court is reversed, and judgment is here rendered that the bond issue failed to carry by a vote of 118 for the issuance of the bonds to 122 against same.

Reversed and rendered.