**C. L. MINTHORN et al., Appellants,**

**v.**

**J. O. HALE, as Mayor of the City of Daisetta, Texas, Appellee.**

**No. 6670.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 7, 1963.

Cain & Cain, Liberty, for appellants.

Zbranek & Friend, Liberty, for appellee.

STEPHENSON, Justice.

This is a contest of a special election held to determine if revenue and tax bonds should be issued by the City of Daisetta. Trial was before the court, and judgment was entered denying the contest.

The parties stipulated in the trial court as follows:

"(1) That prior to and at the time of said election:

    (a) No City tax levy had been made,

    (b) None of the citizens of said City had rendered their property for City taxation,

    (c) None of such property had been placed on its tax rolls, rendered or unrendered, nor was any such rendition thereof required, and

    (d) No tax rolls or other records existed which would identify such owners.

"(2) That said city was incorporated on April 22, 1961, and was operating under the General Laws of Texas.

"(3) That the resolution calling the election, and the published notice contained the following:

    " ' at which election there shall be submitted to the duly qualified resident electors of said city who

own taxable property within said City and who have duly rendered the same for taxation'."

The electors voted favorably to the issuance of all bonds, but no proposition carried by more than 69 votes. 261 electors voted, which left more than 85 who did not vote.

It is the contention of the contestants that the election is void because the resolution calling the election and the public notice called for the wrong electorate. That, inasmuch as no one had rendered their property for taxation, the resolution and notice, as given, could not be complied with.

Both the Constitution of the State of Texas in Art. 6, Sec. 3a, Vernon's Ann.St., and the Texas Election Code, Art. 5.03, V.A.T.S., each provide in identical wording, that in elections held for the purpose of issuing bonds or otherwsie lending credit, or expending money or assuming any debt, only qualified electors who own taxable property and who have duly rendered the same for taxation shall be qualified to vote.

The application of these provisions has been construed in several cases. In the case of Hanson v. Jordan, 145 Tex. 320, 198 S.W.2d 262, an election for issuing bonds in the City of Cleveland, was contested. In the Hanson Case, no taxes had been collected, and no property rendered for taxes, prior to the election. It was contended in the Hanson Case, supra, that no citizen was qualified to vote in the election because no one had rendered his property for taxation. The notices given by the City of Cleveland, and by the City of Daisetta, were identical. The Supreme Court denied the contest in the Hanson Case, supra, and held the electors were qualified to vote even though they had not rendered their property for taxation. The question raised in the present case was not directly before the court in the Hanson Case, supra, and apparently has not been heretofore passed upon in this state. It is not con-

tended in the present case that those who voted were not actually property owning citizens within the bounds of the City of Daisetta, or otherwise not qualified.

It has been said many times by our courts that the object of every popular election is to ascertain the will of the qualified electors in the area to be affected thereby upon the issue or issues submitted to them.

Our courts have also said, a number of times, that statutory enactments concerning elections must be strictly enforced to prevent fraud, but liberally construed in order to ascertain and effectuate the will of the voters. Turner v. Teller, Tex.Civ.App., 275 S.W. 115.

The rule is that statutes regulating the manner of holding an election are merely directory, and a departure from their provisions will not, ordinarily, invalidate an election, unless such departure, or such irregularity have affected or changed the result of the election. Hill v. Smithville Independent School District, Tex.Comm.App., 251 S.W. 209.

There is no evidence in this case that fraud, or misconduct or the irregularity complained of affected the result of the election.

Portions of depositions of all of the four contestants were offered in evidence, and all testified that they knew of no one misled by the notice and no one who was prevented from voting. The evidence also showed the election was well publicized. A copy of a brochure was delivered to every home in the City of Daisetta showing the qualifications of the voters to be as follows:

"(1) Live in the City of Daisetta.

"(2) Own property (real or personal) within the City of Daisetta which is subject to taxation.

"(3) Have paid poll tax used in 1963 voting or be exempt because of age or physical defect."

We conclude the contestants have not discharged their burden and proved the irregularity complained of affected or changed the result of the election.

Affirmed.