

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 21, 1968

Honorable J. K. Williams
Commissioner, Coordinating Board
Texas College and University System
Sam Houston State Office Building
Austin, Texas  78701

Opinion No. M-214

Re:  Whether the submitted
proposed form of affi-
davit for an election
to authorize the Travis
County Junior College
District to levy and
collect a maintenance
tax and issue bonds
will substantially
comply with Article
5.04 of the Election
Code.

Dear Mr. Williams:

In your recent opinion request you have submitted the
following relevant facts:

(1)  Travis County Junior College District was
created and seven trustees were elected at an election
held within the District on November 9, 1963.  At the
same election the electorate failed to vote authorization
for the District to issue bonds or levy a maintenance tax.
In a subsequent election the voters failed to approve the
issuance of bonds or the levying of a maintenance tax.

(2)  The Board of Trustees plans to call an election
for April 20, 1968, for the purpose of submitting propo-
sitions to the voters which, if passed, would authorize
the District to levy a maintenance tax and issue bonds
for school purposes.

(3)  Since the District has never been authorized
to levy a maintenance tax, no tax rolls have ever been
compiled or adopted by the Trustees.  No one has ever
rendered property to the District for taxation.

- 1027 -

(4) Pursuant to the requirements of Article 5.04 of the Election Code, the Secretary of State has promulgated a form of affidavit to be signed by each voter in a bond election, which requires that the affiant identify property which has been rendered for taxation to the political subdivision holding the election. Since no one has rendered property for taxation to the District, no one could truthfully sign the affidavit promulgated by the Secretary of State in this instance.

A form of affidavit which the District proposes to use in view of the above situation is attached to your opinion request which reads as follows:

"AFFIDAVIT OF OWNERSHIP OF PROPERTY
SUBJECT TO TAXATION

For Voting at Election held by

Travis County Junior College District
on April 20, 1968

"I solemnly swear that I own property which is subject to taxation by the Travis County Junior College District; and that the following is a description of one item of property so owned by me on this date.

_____
(Description of Property)

"I understand that the giving of false information in this affidavit is a felony punishable by a fine not to exceed $5000.00 or by imprisonment in the penitentiary not to exceed 5 years, or by both such fine and imprisonment.

X _____
(Signature of Voter)

"Sworn to before me by the above-signed voter on this the 20th day of April, 1968.

_____
(Signature of Officer Administering Oath)

"
_____
(Title of Officer Administering Oath)

You then ask whether this form of affidavit, if used by the District in the election to be held on April 20, 1968, would substantially comply with the requirements of Article 5.04 of the Election Code.

In Minthorn v. Hale, 372 S.W.2d 752 (Tex. Civ. App., 1964, no writ) the Court said at page 753:

"The rule is that statutes regulating the manner of holding an election are merely directory, and a departure from their provisions will not, ordinarily, invalidate an election, unless such departure or such irregularity have affected or changed the result of the election." (Emphasis added.)

Ordinarily, before a person may vote in a bond election, he must render his property for taxation to the political subdivision holding the election and must execute an affidavit to that effect. Article 6, Sec. 3a, Texas Constitution, Articles 5.03 and 5.04, Election Code. However, the requirement that a person render his property before being allowed to vote in bond elections is not absolute in situations, such as in the Travis County Junior College District, where no tax rolls have been prepared or adopted, no tax levy has been authorized by the electorate, and no one has rendered property for taxation. The Supreme Court said in Hanson, v. Jordan, 145 Tex. 320, 198 S.W.2d 262 (1946), at page 263, in talking about a similar situation,

"...In other words, each voter at the election was a property owner, and the only reason he had not rendered his property for taxes was the very sufficient one that there were no taxes to pay. To hold that a voter in that situation could not legally cast his ballot would be to punish a citizen who has been guilty of no dereliction or omission whatever. It would amount to a disfranchisement of the entire property-owning citizenship of Cleveland because for a decade that city very commendably levied no taxes when no taxes were necessary.... We do not believe the voters of this state had any such intendment in mind when they adopted Art. VI, Sec. 3a, supra. To hold the election in this case invalid, under the facts stated, would accomplish no good; it would remedy no evil."

Article 5.04 contemplates that each voter sign an affi-

davit promulgated by the Secretary of State. Since no voter in the District could truthfully sign such affidavit, to require each voter to do so would disfranchise every voter in the District. We do not believe that the Legislature intended such a result in amending Article 5.04 of the Election Code during the last session of the Legislature.

The form of affidavit which the District proposes to use in the election to be held on April 20, 1968, requires that the voter state that he owns property subject to taxation located in the District and that he describe such property as contemplated by Article 5.04, supra. We cannot see that the use of such affidavit would lead to fraud, misconduct, or other irregularity in the conduct of the proposed bond election. Absent such a showing, it is the opinion of this Department that under the submitted facts the use of the proposed form will substantially comply with the requirements of Article 5.04 of the Election Code.

## S U M M A R Y

The submitted proposed form of affidavit for use in a bond election, in a political subdivision in which a tax roll has never been prepared, to authorize the Travis County Junior College District to levy and collect a maintenance tax and issue bonds will substantially comply with Article 5.04 of the Election Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John W. Fainter, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Tom Fortescue
Bill Craig
Malcolm Quick

A. J. Carubbi, Jr.
Executive Assistant