William L. SPRADLIN, Petitioner,

v.

JIM WALTER HOMES,
INC., Respondent.

No. 00–0141.

Supreme Court of Texas.

Argued Oct. 18, 2000.

Decided Dec. 7, 2000.

Jackie L. Williamson, Law Office of Jackie L. Williamson, Gonzales, for petitioner.

Larry G. Hyden, Jordan, Hyden Womble & Culbreth, Corpus Christi, Nissa Mykleby, Wallace B. Jefferson, Crofts Callaway & Jefferson, San Antonio, for respondent.

Justice ABBOTT delivered the opinion of the Court.

In this case we construe recent revisions to the Texas Constitution's homestead provisions. Jim Walter Homes (JWH) contracted with William Spradlin to build a home for him and secured a lien on Spradlin's homestead. Spradlin sought invalidation of the lien, claiming that it did not comply with the procedural protections of subparts (A) through (D) of Texas Constitution Article XVI, Section 50(a)(5). In

the trial court, both parties moved for summary judgment. The district court granted JWH's motion, holding that subparts (A) through (D) did not apply to JWH's mechanic's lien for construction of new improvements. Embracing JWH's plain-language reading of the constitutional provision, the court of appeals affirmed. 9 S.W.3d 473. So do we.

In 1997, Texas voters amended Section 50 of our Constitution to allow home equity lending, subject to express procedural protections. The part of that Section at issue in this case reads:

Sec. 50. (a) The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for:

. . .

(5) *work and material used in constructing new improvements thereon, if contracted for in writing, or work and material used to repair or renovate existing improvements thereon if:*

(A) the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as is required in making a sale and conveyance of the homestead;

(B) the contract for the work and material is not executed by the owner or the owner's spouse before the 12th day after the owner makes written application for any extension of credit for the work and material, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health or safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing;

(C) the contract for the work and material expressly provides that the owner may rescind the contract without penalty or charge within three days after the execution of the contract by all parties, unless the work and material are neces-sary to complete immediate repairs to conditions on the homestead property that materially affect the health or safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing; and

(D) the contract for the work and material is executed by the owner and the owner's spouse only at the office of a third-party lender making an extension of credit for the work and material, an attorney at law, or a title company.

Tex. Const. art. XVI, § 50(a)(5)(A)-(D) (effective Jan. 1, 1998) (emphasis added).

After this amended version of Section 50 became law, Spradlin entered into a mechanic's lien contract with JWH for the construction of a new house on his one-acre homestead. Soon thereafter, Spradlin notified JWH that he considered the lien invalid because JWH did not comply with subpart (B)'s requisite twelve-day "cooling-off period" or subpart (D)'s requirement that the contract be executed in the office of a third-party lender, an attorney, or a title company. Spradlin therefore requested that JWH release the lien. JWH responded by filing a declaratory judgment action seeking a determination that the lien was valid. Spradlin filed a cross-action for declaratory judgment, and both parties moved for summary judgment.

Focusing his argument on the historical strength of the Texas Constitution's homestead protections, Spradlin asserted that subparts (A) through (D) should be liberally construed to apply not only to subsection (5)'s "work and material used to repair or renovate existing improvements" on homestead property but also to "work and material used in constructing new improvements thereon." *See* Tex. Const. art. XVI, § 50(a)(5). JWH argued that the 1997 amendment to Section 50, by differentiating between new and existing improvements, changed long-standing Texas constitutional law. It claimed that a plain-language reading of Section 50 shows that

the four specific protections listed directly after "work and material used to repair or renovate existing improvements" apply to that phrase alone. The district court entered a declaratory judgment that JWH's lien was valid and enforceable against Spradlin. The court of appeals affirmed judgment for JWH. We likewise affirm.

■ The single question this case poses is: Do subparts (A) through (D) of Texas Constitution Article XVI, Section 50(a)(5) apply to both "work and material used in constructing new improvements" and "work and material used to repair or renovate existing improvements," or do they apply only to the latter?[1] In addition to asserting that Texas courts have historically construed the Texas Constitution's generous homestead provisions liberally, Spradlin argues that if the Legislature had intended subparts (A) through (D) to apply only to "work and material used to repair or renovate existing improvements," it would have confined new improvements to one subsection and drafted an entirely separate subsection for existing improvements, listing subparts (A) through (D) beneath the latter alone. Applying the doctrine of last antecedent to the plain language of the provision, JWH argues that subparts (A) through (D) refer only to the text that immediately precedes them— namely, "work and material used to repair or renovate existing improvements." We agree with JWH.

■ Presuming that the language of the Texas Constitution is carefully selected, we construe its words as they are generally understood. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148 (Tex. 1995). We rely heavily on the plain language of the Constitution's literal text. *Republican Party v. Dietz*, 940 S.W.2d 86, 89 (Tex.1997); *Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391, 394 (Tex.1989). Consistent with these fundamental principles, we "give effect to all the words of a statute and [do] not treat any statutory language as surplusage[,] if possible." *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987). We avoid constructions that would render any constitutional provision meaningless or nugatory. *Hanson v. Jordan*, 145 Tex. 320, 198 S.W.2d 262, 263 (1946).

■ Spradlin's reading of Section 50(a)(5) fails for the simple reason that we not only must presume that the Legislature chose its words carefully, *Bouillion*, 896 S.W.2d at 148, but also because we should refuse, whenever possible, to construe constitutional language in a way that renders it idle or inoperative. *Hanson*, 198 S.W.2d at 263. Were we to read subparts (A) through (D) as applicable to new improvements, we would encounter an immediate redundancy: "(5) work and material used in constructing new improvements thereon, if contracted for in writing, ... if: (A) the work and material are contracted for in writing." This reading would obviously render "if contracted for in writing" superfluous and therefore useless and inoperative. We cannot presume that the Legislature intended such a blatant redundancy. *See Redmon*, 745 S.W.2d at 316; *Hanson*, 198 S.W.2d at 263. Instead, we must presume that the Legislature intended *all* of the language used.

■ Consequently, we are bound to construe the provision as JWH does. While it "is neither controlling nor inflexible," the doctrine of last antecedent supports this reading. *City of Corsicana v. Willmann*, 147 Tex. 377, 216 S.W.2d 175, 176 (1949). That canon of construction states that a qualifying phrase in a statute or the Constitution must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied. *Id.* Here,

---

1. To avoid confusion, we note that this case does not concern the homestead lien a lender acquires when a borrower purchases a new home—which our Constitution addresses in Article XVI, Section 50(a)(1)—but rather the construction of new improvements on homestead property addressed in Article XVI, Section 50(a)(5).

subparts (A) through (D) clearly qualify the phrase preceding them. The only question is what may be included in that preceding phrase without impairing the sentence.

In Section 50(a), the entire text of subsection (5) precedes subparts (A) through (D). Within that subsection, the phrase "work and material used in constructing new improvements thereon, if contracted for in writing," is separate from the phrase "work and material used to repair or renovate existing improvements thereon if." Following the doctrine of last antecedent, we conclude that "work and material used to repair or renovate existing improvements" constitutes the entire phrase to which subparts (A) through (D) apply because applying subparts (A) through (D) to "work and material used in constructing new improvements" would impermissibly impair the meaning of the provision as a whole. This reading is supported by use of the disjunctive conjunction "or" between the two phrases, which signifies a separation between two distinct ideas.

Spradlin asserts that, in amending our Constitution, the Legislature could not have meant to delete Section 50's "age old" requirements for spousal joinder and execution prior to the performance of labor or furnishing of materials. We recognize that Section 50 historically embodied a spousal-joinder requirement applicable to all contracts for "work and material used in constructing improvements" on homestead land. TEX. CONST. art. XVI, § 50 (amended 1997). But the 1997 amendment—by distinguishing between new improvements on the one hand and renovations or repairs to existing improvements on the other—limits Section 50(a)(5)(A)-(D)'s protections to contracts for the latter. Notwithstanding the meaningful policies behind the historical protections provided by "age old" homestead law, we are bound to apply the constitutional amendment as drafted by the Legislature and passed by the citizens of Texas.

In sum, we hold that a plain-language reading of Texas Constitution Article XVI, Section 50(a)(5) dictates that the protections in its subparts (A) through (D) apply only to "work and material used to repair or renovate existing improvements" on homestead property, and not to "work and material used in constructing new improvements." JWH was therefore not required to comply with subparts (A) through (D). And because Spradlin and JWH signed a written contract for the construction of a new improvement on homestead land, the resulting lien is valid under Section 50.[2] Accordingly, we affirm the court of appeals' judgment in favor of Jim Walter Homes.

---

**2.** We do not consider whether JWH's lien fulfills the requirements of Texas Property Code section 53.254.