

August 5, 2004

The Honorable Phil King
Chair, Committee on Regulated Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0227

Re: Effect of newly adopted article XVI, section 66 of the Texas Constitution on certain municipal employees who are required to accept medical retirement  (RQ-0183-GA)

Dear Representative King:

You ask about the effect of article XVI, section 66 of the Texas Constitution "on disability benefits paid to [municipal] employees forced to retire due to an on-the-job injury."[1] Article XVI, section 66 provides that particular benefits under certain local public retirement systems may not be reduced or impaired.

Article XVI, section 67(c) of the Texas Constitution provides, in part, that the "legislature shall provide by law for . . . the creation by any city . . . of a system of benefits for its officers and employees." TEX. CONST. art. XVI, § 67(c)(1)(A). Section 810.001(a)(1) of the Government Code addresses the establishment of public retirement systems and defines a "political entity" as a "municipality . . . that is created pursuant to state law and that is not an agency of the state." TEX. GOV'T CODE ANN. § 810.001(a)(1) (Vernon Supp. 2004) (Establishment of Public Retirement System). A "public retirement system" is defined as "a continuing, organized program or plan (including a plan qualified under Section 401(a) of the Internal Revenue Code of 1986) of service retirement, disability retirement, or death benefits for officers or employees of a political entity," with certain exceptions. Id. § 810.001(a)(2). Many municipalities establish retirement systems under other statutes.[2]

---

[1]Letter from Honorable Phil King, State Representative, Chairman, House Committee on Regulated Industry, to Honorable Greg Abbott, Texas Attorney General (Feb. 8, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* TEX. REV. CIV. STAT. ANN. art. 6243a-1 (Vernon Supp. 2004) (City Pensions); *id.* art. 6243b (Vernon 2003) (Firemen and Policemen Pension Fund in Cities of 500,000 to 600,000); *id.* art. 6243d-1 (Vernon 2003) (Policemen's Relief and Retirement Fund); *id.* art. 6243e (Vernon Supp. 2004) (Texas Local Fire Fighters Retirement Act); *id.* art. 6243e.1 (Vernon 2003) (Firefighters Relief and Retirement Fund in Cities of 600,000 to 700,000); *id.* art. 6243e.2(1) (Vernon Supp. 2004) (Firefighters' Relief and Retirement Fund in Municipalities of at least 1,600,000 Population); *id.* art. 6243e.3 (Vernon 2003) (Volunteer Fire Fighters' Relief and Retirement Fund); *id.* art. 6243g-4

(continued...)

It has been suggested to you that newly adopted article XVI, section 66 "prohibits a reduction of benefits" when an employee is forced to retire because of medical reasons. Request Letter, *supra* note 1, at 1. You state that this suggestion "was clearly not the intent of the legislation but may be a consequence." *Id.*

Article XVI, section 66 of the Texas Constitution protects certain benefits under certain public retirement systems and provides, in relevant part, as follows:

> (a) This section applies only to a public retirement system that is not a statewide system and that provides service and disability retirement benefits and death benefits to public officers and employees.
>
> (b) [This section does not apply to City of San Antonio].
>
> (c) This section does not apply to benefits that are:
>
> > (1) health benefits;
> >
> > (2) life insurance benefits; or
> >
> > (3) disability benefits that a retirement system determines *are no longer payable under the terms of the retirement system as those terms existed on the date the retirement system began paying the disability benefits.*
>
> (d) On or after the effective date of this section, a change in service or disability retirement benefits or death benefits of a retirement system may not reduce or otherwise impair benefits accrued by a person if the person:
>
> > (1) could have terminated employment or has terminated employment before the effective date of the change; and
> >
> > (2) would have been eligible for those benefits, without accumulating additional service under the retirement system, on any date on or after

---

[2](...continued)
(Vernon Supp. 2004) (Police Officers Pension System in Certain Municipalities); *id.* art. 6243h (Vernon Supp. 2004) (Municipal Pension System in Cities of 1,500,000 or more); *id.* art. 6243j (Vernon 2003) (Police Officers' Pension System in Cities of 50,000 to 400,000); *id.* art. 6243n (Vernon Supp. 2004) (Municipal Retirement System in Municipalities of 460,000 to 500,000).

> the effective date of the change had the change not occurred.

> (e) Benefits granted to a retiree or other annuitant before the effective date of this section and in effect on that date may not be reduced or otherwise impaired.

> . . . .

TEX. CONST. art. XVI, § 66 (emphasis added).

"When interpreting our state constitution, we rely heavily on its literal text and must give effect to its plain language." *Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 344 (Tex. 2001) (citing *Stringer v. Cendant Mortgage Corp.*, 23 S.W.3d 353, 355 (Tex. 2000); *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 89 (Tex. 1997)). We strive to give constitutional provisions the effect their makers and adopters intended. *See Stringer*, 23 S.W.3d at 355; *City of El Paso v. El Paso Cmty. Coll. Dist.*, 729 S.W.2d 296, 298 (Tex. 1986). And we strive to avoid a construction that renders any provision meaningless or inoperative. *See Stringer*, 23 S.W.3d at 355; *Hanson v. Jordan*, 198 S.W.2d 262, 263 (Tex. 1946). "Presuming that the language of the Texas Constitution is carefully selected," a court construes "its words as they are generally understood." *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148 (Tex. 1995)).

Your question requires us to construe article XVI, section 66(c)(3), particularly the meaning of the phrase "terms of the retirement system." Under most of the statutes applicable to municipal retirement systems, a local retirement board has the right to order a medical examination of any person on disability retirement each year until the member reaches the normal retirement date, and if a member fails or refuses to submit to an examination by a physician or physicians appointed by the retirement board, disability benefits shall be discontinued. *See* TEX. REV. CIV. STAT. ANN. art. 6243g-4, § 15(e) (Vernon Supp. 2004); *id.* art. 6243h, § 13(g)-(h); *id.* art. 6243n, § 8(h)-(j). Disability benefits may also be discontinued when a person receiving disability is found to be engaged in or is able to engage in substantial gainful employment. *See id.* art. 6243g-4, § 15(e); *id.* art. 6243h, § 13(g); *id.* art. 6243n, § 8(i). These requirements are "terms" referred to in article XVI, section 66(c)(3).

Article XVI, section 66(c)(3) plainly states that this section does not apply to "disability benefits that a retirement system determines are no longer payable under the terms of the retirement system as those terms existed on the date the retirement system began paying the disability benefits." TEX. CONST. art. XVI, § 66(c)(3). Under its analysis of Amendment 15 (H.J.R. No. 54) for the September 13, 2003 election, the Texas Legislative Council accords with this view:

> The amendment applies to public retirement systems of political subdivisions, such as cities and counties, that provide

benefits for their employees. Under the amendment, any reduction in the retirement or death benefits that the retirement systems provide *cannot be applied retroactively* to benefits that a person has accrued or is entitled to receive before the date the reduction takes effect.

. . . .

Further, it does not apply to disability benefits that a person has previously received, but may no longer receive because the person no longer qualifies as disabled *under the terms of the retirement system.*

TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS, SEPTEMBER 13, 2003, ELECTION 99 (July 2003) (emphasis added). *See* TEX. CONST. art. XVI, § 66(c)(3)-(d). We conclude that the terms of a person's disability retirement in effect when the person began receiving disability payments continue even if the application of those terms reduces or terminates disability benefits.

## S U M M A R Y

Article XVI, section 66 of the Texas Constitution, which provides that particular benefits under certain local public retirement systems may not be reduced or impaired, does not apply to "disability benefits that a retirement system determines are no longer payable under the terms of the retirement system as those terms existed on the date the retirement system began paying the disability benefits." TEX. CONST. art. XVI, § 66(c)(3). The terms of a person's disability retirement plan in effect when the person began receiving disability payments continue even when the application of those terms reduces or terminates disability benefits.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee