

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 3, 2005

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0363

Re: Whether a city that has not established a residence homestead exemption under article VIII, section 1-b of the Texas Constitution is authorized to establish the property tax limitation under article VIII, section 1-b(h)   (RQ-0336-GA)

Dear Senator Wentworth:

You ask whether a city that has not established a residence homestead exemption under Texas Constitution article VIII, section 1-b may establish the property tax limitation allowed under section 1-b(h), either by city council action or by an election called upon receipt of a voter petition.[1]

Article VIII, section 1-b(h), adopted in 2003, authorizes "a county, a city or town, or a junior college district" to limit increases of the total amount of ad valorem taxes imposed on the homesteads of persons with disabilities or persons sixty-five years of age or older. TEX. CONST. art. VIII, § 1-b(h). The limitation is known colloquially as a "tax freeze." The enumerated entities may adopt such a tax limitation either by official action of the governing body or by an election called by the governing body upon receipt of a proper voter petition. *Id.*; *see generally* Tex. Att'y Gen. Op. Nos. GA-0222 (2004), GA-0244 (2004). You reference the experience of the City of Windcrest (the "City"). Request Letter, *supra* note 1, at 2. We are informed that the City has received a voter petition to conduct an election on whether to adopt an article VIII, section 1-b(h) tax limitation, but is concerned that the subsection may be construed as authorizing the tax limitation only for those entities that have established their own residence homestead tax exemption.[2]

Section 1-b contains a number of mandatory and optional tax exemptions and limitations other than the limitation in subsection (h). TEX. CONST. art. VIII, § 1-b. Subsection (a) is a mandatory exemption from state-purpose taxation of $3,000 of the assessed taxable value of the

---

[1] *See* Letter from Honorable Jeff Wentworth, Chair, Senate Committee on Jurisprudence, to Honorable Greg Abbott, Texas Attorney General (Apr. 4, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] Letter from Honorable Michael S. Brenan, City Attorney, City of Windcrest, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General (May 2, 2005) (on file with Opinion Committee).

residence homesteads of all adults. *Id*. art. VIII, § 1-b(a). Subsection (b) authorizes an optional exemption, established either by governmental body action or by voter initiated election, from taxation by a county, city, town, school district, or other political subdivision of not less than $3,000 of the market value of residence homesteads of persons who are disabled or sixty-five years of age or older. *Id*. art. VIII, § 1-b(b).[3]

Subsection (c) provides a mandatory exemption of $15,000 of the market value of an adult's homestead from ad valorem taxation for general elementary and secondary public school purposes. *Id*. art. VIII, § 1-b(c). Additionally, subsection (c) authorizes the Legislature by general law to exempt an amount not to exceed $10,000 of the market value from such taxation of the residence homestead of persons who are disabled or sixty-five years of age or older. *Id*. For persons who receive a subsection (c) exemption, subsection (d) provides a mandatory tax freeze of the total amount of taxes that may be imposed for such school tax purposes. *Id*. art. VIII, § 1-b(d).[4]

Subsection (e) grants a political subdivision the discretion to exempt from ad valorem taxation a percentage of market value of the residence homestead of an adult. *Id*. art. VIII, § 1-b(e). Finally, subsection (h) provides in pertinent part:

> The governing body of a county, a city or town, or a junior college district by official action may provide that if a person who is disabled or is sixty-five (65) years of age or older receives a residence homestead exemption prescribed or authorized by this section, the total amount of ad valorem taxes imposed on that homestead by the county, the city or town, or the junior college district may not be increased while it remains the residence homestead of that person or that person's spouse who is disabled or sixty-five (65) years of age or older and receives a residence homestead exemption on the homestead.

*Id*. art. VIII, § 1-b(h). You state that subsection (h) is not clear whether a city that has never adopted a homestead exemption may establish subsection (h)'s tax limitation. Request Letter, *supra* note 1, at 1-2.

To construe subsection (h), we must adhere to the rules of constitutional construction as articulated by the courts. We must attempt to give the constitutional provision the effect that the legislators and voters intended. *Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 344 (Tex. 2001). We rely heavily on the provision's literal text and attempt to give effect to its plain language.

---

[3]Additionally, subsection (f) permits a surviving spouse to claim an exemption if the deceased spouse had received the subsection (b) exemption for the homestead residence of a person sixty-five years of age or older. TEX. CONST. art. VIII, § 1-b(f).

[4]Subsection (g) provides for transfer of a subsection (d) limitation on increases of the total amount of taxes for public elementary and secondary school tax purposes for a person who qualifies for the limitation and subsequently establishes a new residential homestead.

*Id.*; *Stringer v. Cendant Mortgage Corp.*, 23 S.W.3d 353, 355 (Tex. 2000). We must presume "that the language of the Texas Constitution is carefully selected, [and must] construe its words as they are generally understood." *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000).

Subsection (h)'s plain language does not purport to restrict the counties, cities, towns, or junior college districts that may promulgate or adopt a subsection (h) tax limitation to only those entities that have previously established their own homestead residence tax exemptions. Rather, the subsection prescribes the terms of the limitation that such entities may establish, either by action of the governmental body or by voter initiative. TEX. CONST. art. VIII, § 1-b(h). Under subsection (h), such entities "may provide that if a person who is disabled or is sixty-five (65) years of age or older receives a residence homestead exemption prescribed or authorized by *this section*," then the total ad valorem taxes the entity imposes on the property may not increase while it remains the person's residence homestead. *Id.* (emphasis added). "This section" is section 1-b. Section 1-b prescribes or authorizes residence homestead exemptions in subsections (a), (b), (c), (e), and (f). For example, under article VIII, section 1-b(c), the legislature has enacted enabling legislation that exempts from school district taxation $15,000 of the appraised value of the homestead residence for most adults, plus an additional exemption of $10,000 for persons disabled or sixty-five years of age or older. TEX. TAX CODE ANN. § 11.13(b)-(c) (Vernon Supp. 2004-05). Thus, a city that has never adopted an exemption from its own taxes nevertheless could adopt an effective tax limitation available to its citizens who are disabled or sixty-five years of age or older who receive a residence homestead exemption from school district taxes.[5] We see no textual basis for restricting the availability of the tax limitation in subsection (h) to only persons residing in entities that have established the optional exemptions in subsections (b) and (e).

This construction is confirmed by the companion legislation promulgated by the same legislature that proposed article VIII, section 1-b(h) to the voters. The Seventy-eighth Legislature enacted Tax Code section 11.261, effective only if the voters adopted the constitutional amendment now embodied in article VIII, section 1-b(h). Act of May 28, 2003, 78th Leg., R.S., ch. 396, §§ 1, 4, 2003 Tex. Gen. Laws 1642, 1642-46 (codified as TEX. TAX CODE ANN. § 11.261). Tax Code section 11.261 "applies only to a county, municipality, or junior college district that has established a limitation on the total amount of taxes that [the entity imposes] on the residence homestead of a disabled individual or an individual 65 years of age or older under Section 1-b(h), Article VIII, Texas Constitution." TEX. TAX CODE ANN. § 11.261(a) (Vernon Supp. 2004-05). For implementing the limitation, section 11.261(b) of the Tax Code provides:

> The county, municipality, or junior college district may not increase the total annual amount of ad valorem taxes the [entity] imposes on the residence homestead of a disabled individual or an individual 65 years of age or older above the amount . . . imposed on the residence

---

[5]Because of the general applicability of the exemption under article VIII, section 1-b(c), we need not decide whether a residence homestead exemption under one of the other subsections, received by a person who is disabled or sixty-five years of age or older, would qualify that residence for the tax limitation under article VIII, section 1-b(h). *See* TEX. CONST. art. VIII, § 1-b(a)-(c), (e)-(f), (h).

> homestead in the first tax year . . . in which the individual qualified
> that residence homestead for the exemption provided by [Tax Code]
> Section 11.13(c) for a disabled individual or an individual 65 years of
> age or older.

TEX. TAX CODE ANN. § 11.261(b) (Vernon Supp. 2004-05). Section 11.13(c) is a tax exemption from school district taxation of a portion of the value of the homestead residence of an adult who is disabled or sixty-five years of age or older. *Id.* § 11.13(c) (Vernon 2004-05). In other words, the constitutional limitation in article VIII, section 1-b(h) on taxes imposed by a county, municipality, or junior college district may be based on the school district tax exemption in Tax Code section 11.13(c) for persons disabled or sixty-five years of age or older. The Tax Code does not suggest that any other tax exemption is required before the article VIII, section 1-b(h) limitation may be adopted. Consequently, we conclude that the limitation in article VIII, section 1-b(h) is available to entities that have not previously established one of the optional homestead residence exemptions in section 1-b.

### S U M M A R Y

A city is authorized to establish the property tax limitation under article VIII, section 1-b(h) of the Texas Constitution even if it has not previously enacted a residence homestead exemption under article VIII, section 1-b of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee