ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 16, 2009

Mr. Duane Waddill
Executive Director
Texas Residential Construction Commission
Post Office Box 13509
Austin, Texas 78711-3509

Opinion No. GA-0727

Re: Whether the Texas State Library and Archives Commission may require a state agency to create and maintain written minutes of the agency's public meetings (RQ-0781-GA)

Dear Mr. Waddill:

You ask whether the Texas State Library and Archives Commission ("TSLAC") may "require a state agency to create and maintain *written* minutes of the agency's open meetings, when the requirement does not merely implement nor reasonably construe the statute, but effectively negates the statutory provisions."[1]

The TSLAC rule at issue in your request is contained within the Texas State Records Retention Schedule and provides for the retention period of state government records.[2] *See* 13 TEX. ADMIN. CODE § 6.10 (2009) (Tex. State Library & Archives Comm'n) (record series item number 1.1.060). With respect to audio and videotapes of an agency's open meetings, the rule sets out a retention period of ninety days after the "[o]fficial approval of written minutes of the meeting by the governing body of an agency." *Id.* The comment accompanying the stated retention period for audio and videotapes of open meetings cautions:

> Minutes of state agencies are permanent records. Audio and videotapes are not permanent media. State agencies may not retain audio and videotapes of the meetings of governing bodies in lieu of written minutes. The proceedings of all meetings of state boards, committees, commissions, and councils must be reduced to writing.

*Id.*

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]*But see* TEX. GOV'T CODE ANN. § 441.194(a)–(c) (Vernon Supp. 2008) (providing for records of abolished state agencies).

The statute you characterize as effectively negated by the TSLAC rule is section 551.021 of the Open Meetings Act, which authorizes a governmental body to "prepare and keep minutes or make a tape recording of each open meeting of the body." Request Letter at 2 (quoting section 551.021(a) of the Government Code). *See* TEX. GOV'T CODE ANN. § 551.021(a) (Vernon 2004). You argue that the TSLAC rule and its cautionary statement contravene section 551.021 by negating a governmental body's discretion to make a tape recording of its open meetings in lieu of preparing and keeping written minutes. *See* Request Letter at 6. You do not ask about the validity of the TSLAC rule under its enabling statute and we need not reach that question here. *See id.* at 1. Instead, you inquire whether the rule is invalid because it conflicts with section 551.021. *See id.* at 2, 4, 6.

The Texas Supreme Court has said that even if valid under its own enabling legislation, an administrative rule may not be "inconsistent with the expression of the lawmakers' intent in statutes *other* than those under which the regulations are issued." *State v. Jackson*, 376 S.W.2d 341, 345 (Tex. 1964) (emphasis added). Pursuant to the court's statement in *State v. Jackson*, we must determine the lawmakers' intent in section 551.021. Section 551.021 provides that a "governmental body shall prepare and keep minutes *or* make a tape recording of each open meeting of the body." TEX. GOV'T CODE ANN. § 551.021(a) (Vernon 2004) (emphasis added). In its ordinary use, the term "or" is disjunctive and indicates a choice between alternatives. *Jones v. State*, 175 S.W.3d. 927, 932 (Tex. App.—Dallas 2005, no pet.) (citing *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 581 (Tex. 2000)); *see also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). "The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately." *Jones*, 175 S.W.3d at 932 (citing *Perez v. State*, 11 S.W.3d. 218, 225 (Tex. Crim. App. 2000)). The Legislature's use of the disjunctive here indicates its intent to give a governmental body two alternatives—keeping written minutes or making a tape recording—for complying with the obligation to keep a record of the governmental body's open meetings. By requiring written minutes of a governmental body's open meetings, the TSLAC rule at issue here effectively negates one of the alternatives and is thus inconsistent with section 551.021. *Cf.* TEX. GOV'T CODE ANN. § 441.189(a) (Vernon 2004) (authorizing electronic records). Because it is inconsistent with section 551.021, we conclude that a court would likely determine that the TSLAC rule is invalid.

## S U M M A R Y

Because the Texas State Library and Archives Commission's rule requiring a state agency to create and maintain written minutes of the agency's open meetings is inconsistent with section 551.021 of the Open Meetings Act, we believe a court would likely find it invalid.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee