COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
 IN RE:  READYONE INDUSTRIES, INC.,
  
                             
  
 
 
 §
  
 §
  
 §
  
 §
  
 § 
  
 §
  
 
 
  
  
  
  
 No. 08-12-00120-CV
  
 AN ORIGINAL
 PROCEEDING 
  
 IN MANDAMUS 
  
 
 


O
P I N I O N

In this original proceeding, ReadyOne Industries, Inc. seeks mandamus relief from the trial court’s order permitting discovery on the
arbitrability of an agreement between ReadyOne and its employee, M. Estella
Torres (“Torres”), governing work-related injuries.  The narrow issue before this Court is one of
first impression.  We are asked to
determine whether the Franken
Amendment[1] is
relevant in determining the arbitrability of a plaintiff’s claims in a
non-subscriber personal injury case. 
Concluding that the Franken Amendment is inapplicable in such a case, we
conditionally grant mandamus
relief.

FACTUAL
AND PROCEDURAL BACKGROUND

            Alleging that she sustained
an on-the-job injury, Torres sued ReadyOne for negligence.  After filing an answer, ReadyOne moved to
compel arbitration pursuant to an agreement requiring that claims of on-the-job
injuries be submitted to binding arbitration. 
In her response to the motion, Torres asserted, among other bases, that
her negligence claims were not arbitrable because the Franken Amendment
prevents federal contractors from enforcing agreements to arbitrate torts
related to or arising out of negligent hiring, supervision, or retention in a
personal injury suit.    At the hearing on the motion to compel, Torres
argued that allowing limited discovery on the issue of whether the Franken
Amendment was applicable would determine the arbitrability of her claims.  ReadyOne argued that the Amendment, on its
face, was not applicable to torts related to or arising out of negligent
hiring, supervision, or retention in a personal injury suit because the
Amendment applies only to title VII claims or torts related to or arising out
of sexual assault or harassment.  After
taking the issue under advisement, the trial court ordered discovery concerning
the applicability of the Amendment. 
Specifically, Torres was permitted to discover if ReadyOne has federal
contracts in excess of $1 million and if ReadyOne manufactures items
commercially available off-the-shelf.

MANDAMUS

            To
obtain mandamus relief from the trial court’s discovery order, ReadyOne must
meet two requirements.  ReadyOne must
show that the trial court clearly abused its discretion and that it has no
adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135-36 (Tex. 2004).

            A
trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law, or if it
clearly fails to analyze or apply the law correctly.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).  Although the scope of discovery is within the
trial court’s discretion, the trial court must make an effort to impose
reasonable discovery limits.  In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003).  Discovery requests must be
reasonably tailored to include only matters relevant to the case.  In re
Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998).  Because discovery is limited to matters that
are relevant to the case, requests for information that are not reasonably
tailored as to time, place, or subject matter amount to impermissible “fishing
expeditions.”  See CSX Corp., 124 S.W.3d at 152. 
Accordingly, an order that compels production of patently irrelevant
matters is an abuse of discretion.  Id. at 153.

            A
relator has no adequate remedy by appeal if the appellate court is unable to cure
the trial court’s discovery error.  Walker v. Packer, 827 S.W.2d 833, 843
(Tex. 1992).  This occurs when the trial
court erroneously “compels the production of patently irrelevant . . .
documents, such that it clearly constitutes harassment or imposes a burden on
the producing party far out of proportion to any benefit that may obtain to the
requesting party.”  Id.  In such a situation, mandamus
is the proper remedy.  Id.

THE
FRANKEN AMENDMENT

In a single issue, ReadyOne argues that the
trial court erred by ordering discovery regarding the applicability of the
Franken Amendment in this case because the Amendment is inapplicable, and even if
applicable, does not bar enforcement of the arbitration agreement.  ReadyOne thus insists that the trial court
abused its discretion by requiring discovery into patently irrelevant
matters.  We agree.

Applicable Law

            Our analysis of whether the
Franken Amendment applies in this case turns on a question of statutory
construction.  A question of statutory
construction is a legal one that we review de
novo.  Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009).
 When
construing statutes, we ascertain and give effect to the legislature’s
intent.  Id.  We do so by looking
first and foremost at the statutory text, reading the words and phrases in
context and construing them according to the rules of grammar and common usage.  Id.;
Lexington Ins. Co. v. Strayhorn, 209
S.W.3d 83, 85 (Tex. 2006); Tex.Gov’t
Code Ann. § 311.011 (West 2005).  Where
statutory text is clear, it is determinative of legislative intent unless the
plain meaning of the statute’s text would produce an absurd result.  Entergy,
282 S.W.3d at 437.

Several canons of statutory construction are
helpful in guiding our analysis.  Under
the doctrine of ejusdem generis, when
general words in a statute follow specific examples, the general words are to
be restricted in their meaning to a sense analogous to the same kind or class
as those expressly mentioned.  City of San Antonio v. City of Boerne,
111 S.W.3d 22, 29 (Tex. 2003).  Likewise,
according to the maxim noscitur a sociis
(associated words), when general and specific words are grouped together in a
statute, the general words are limited by the specific and will be construed to
embrace only objects similar in nature to those things identified by the
specific words.  Id.  Similarly, the last
antecedent rule states that a qualifying phrase in a statute must be confined
to the words and phrases immediately preceding it to which it may, without
impairing the meaning of the sentence, be applied.  Spradlin
v. Jim Walter Homes, Inc., 34 S.W.3d 578, 581 (Tex. 2000).

Discussion

1.  Abuse of Discretion

With these principles in mind, we have
scrutinized the Franken Amendment to determine whether personal injury claims
related to or arising out of negligent hiring, supervision, or retention fall
within its parameters.  We conclude that
they do not.

In relevant part, the Franken Amendment
provides:

(a)
None of the funds appropriated or otherwise made available by this Act may be
expended for any Federal contract for an amount in excess of $1,000,000 that is
awarded more than 60 days after the effective date of this Act, unless the
contractor agrees not to:

.               .               .

 

(2)
take any action to enforce any provision of an existing agreement with an
employee or independent contractor that mandates that the employee or
independent contractor resolve through arbitration any claim under title VII of
the Civil Rights Act of 1964 or any tort related to or arising out of sexual
assault or harassment, including assault and battery, intentional infliction of
emotional distress, false imprisonment, or negligent hiring, supervision, or
retention.

 

Pub. L. 111-118, § 8116, 123 Stat. 3409, 3454-55 (2009).  By regulation, the Amendment “does not
apply to the acquisition of commercial items (including commercially available
off-the-shelf items).”  48 C.F.R. §
222.7403 (West 2010).

The dispute here centers on the
meaning of the clause “any claim under
title VII of the Civil Rights Act of 1964 or
any tort related to or arising out of sexual assault or harassment, including assault and battery,
intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or
retention.”  [Emphasis added].  ReadyOne
asserts that “the list of generic torts following ‘including’ are not
additional torts to which the arbitration prohibition would apply,” but are
“simply a descriptive list of some of the type of torts that could arise out of
sexual assault or harassment.”  Torres,
on the other hand, posits that, when read in the disjunctive, the conjunctions
“or” serve to identify the types of claims to which the Amendment applies and to
cast them as claims independent of each other. 
Thus, according to Torres, the phrase “or negligent hiring, supervision,
or retention” is independent of and does not modify the phrase “any tort
related to or arising out of sexual assault or harassment, including . . . .”  We disagree.

            When identifying the
types of claims not subject to arbitration, the Amendment begins by listing
title VII claims, followed by the clause “or any tort related to or arising out
of sexual assault or harassment,” which in turn is followed by the adjectival
phrase “including assault and battery, intentional infliction of emotional
distress, false imprisonment . . . .” 
The concluding phrase “or negligent hiring, supervision, or retention”
immediately follows the beginning of the adjectival phrase identifying torts that
fall in the class of claims related to or arising out of sexual assault or
harassment.  Applying the doctrine of ejusdem generis in conjunction with the
maxim noscitur a sociis and the last antecedent rule, we conclude
that the phrase “, or negligent hiring,
supervision, or retention” refers only to claims “such like” the class
of claims immediately preceding the use of the present participle “including,” i.e., torts related to or arising out of sexual assault or harassment.  This is because negligent hiring, negligent supervision, and negligent retention are
torts analogous to those expressly mentioned as the type of torts that could arise out of sexual assault or
harassment – assault and battery, intentional infliction of emotional distress,
and false imprisonment.  Furthermore,
because all of these torts are similar in nature, are grouped together, and
follow the word “including,” which precedes the phrase “any tort related to or
arising out of sexual assault or harassment,” they qualify the phrase and are
therefore confined to it.  Accordingly,
the phrase “or negligent hiring,
supervision, or retention” was not intended to define a category of
claims separate and apart from title VII claims or torts related to or arising out of sexual assault or harassment.

            As
noted above, Torres argues that because
the various types of claims and torts identified in the disputed clause are
separated by the disjunctive “or,” they should be construed as alternative
claims, separate from and independent of one another.  However, the structure and composition
of the statutory text belie this argument and compel the conclusion that “negligent hiring, supervision, or retention”
are not claims separate from and
independent of the other non-arbitrable claims identified in the statute.  If
Torres is correct that the phrase “or negligent hiring, supervision, or
retention” identifies the third element in a list of three items, then a
comma would have been placed between the conjunction “or” separating the phrases
“any claim under title VII” and “any
tort related to or arising out of sexual assault or harassment” to identify
each of the three members in the series. 
The fact that the conjunction “or” between the phrases identifying title
VII claims and sexual assault claims is not separated by a comma indicates that
there are no more than two elements identified in the list of claims not
subject to arbitration.  Indeed, the use
of the comma before the conjunction “or” to separate the phrase “assault and
battery, intentional infliction of emotional distress, false imprisonment” from
“negligent hiring, supervision, or retention” denotes that the drafters of the
Amendment used it as a serial comma to identify the disputed phrase as the
final item in the list of the torts encompassing sexual assault and harassment.  According to the Oxford Style Manual, “[t]he [use
of a serial comma] serves . . . to resolve ambiguity, particularly when any of
the items are compound terms joined by a
conjunction.”  Oxford Style Manual, Oxford University
Press, 2002, p. 122 [Emphasis added].

            Because the Franken
Amendment does not apply to personal injury claims related to or arising out of
negligent hiring, supervision, or retention, we hold that the trial court
abused its discretion by ordering discovery concerning the applicability of the
Franken Amendment to the arbitrability of Torres’s personal injury claims.

2.  Inadequate Remedy by Appeal

            As established above,
Torres seeks documents from ReadyOne to determine if it has federal contracts
in excess of $1 million and if it manufactures items commercially available
off-the-shelf.  This information is
targeted to discover if ReadyOne is bound by the requirements of the Franken
Amendment.  Justification for the
discovery of this information, however, requires that the type of claim alleged
by Torres – a negligence claim in a non-subscriber personal injury case – fall
within the parameters of the Amendment. 
Because this type of claim is not encompassed by the Amendment, the
discovery of the information ordered by the trial court is irrelevant and is
therefore unduly harassing and burdensome. 
Such an error cannot be cured by ordinary appeal.  See Walker,
827 S.W.2d at 843.  Accordingly, we hold that ReadyOne has no adequate
remedy by appeal.

CONCLUSION

            We conditionally grant ReadyOne’s petition
for writ of mandamus.  We hereby direct
the trial court to vacate its discovery order. 
Mandamus will issue only if the trial court fails to act within ten days
from the date of this opinion.

 

 

December 21, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure,
C.J., Rivera, and Antcliff, JJ.

 











[1]
Section 8116 of the Department of
Defense Appropriations Act of 2010 is known as the Franken Amendment because of
its author, Senator Al Franken of “Saturday Night Live” fame.