STATE OF ALASKA, etc., et al., Petitioners,

v.

ENVIRONMENTAL PROTECTION AGENCY, Respondent.

J. C. PENNEY COMPANY, INC., Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.

Nos. 73–3576, 73–3607.

United States Court of Appeals, Ninth Circuit.

Aug. 15, 1975.

 

Jonathan K. Tillinghast (argued), Deputy Atty. Gen. of Alaska, Juneau, Alaska, for petitioner State of Alaska.

David J. Toomey (argued), Los Angeles, Cal., for petitioner J. C. Penney Co., Inc.

Patrick A. Mulloy (argued), and William F. Petersen (argued), Dept. of Justice, Washington, D. C., for respondent.

## OPINION

Before WRIGHT, KILKENNY and SNEED, Circuit Judges.

SNEED, Circuit Judge:

This is a proceeding initiated by petitions for review timely filed pursuant to section 307(b) of the Clean Air Act,[1] by the State of Alaska and J. C. Penney Company, Inc., challenging the validity of certain regulations pertaining to the control of air pollution in Alaska, promulgated by the Administrator of the Environmental Protection Agency.

The petition of J. C. Penney Company, Inc., specifically is directed against 40 C.F.R. § 52.86 (1974), which deals with the management of parking supply. This regulation, like similar regulations applicable in many other states, was indefinitely suspended on July 15, 1975. 40 Fed.Reg. 29713 (1975). The Administrator has assured this Court and the petitioners that should this suspension be lifted, or new regulations be promulgated pertaining to the same subject matter in general, another petition for review pursuant to the authority of section 307(b) of the Clean Air Act[2] may be filed. In view of these actions and assurances given by the Administrator, we hold that the petition for review filed by J. C. Penney Company, Inc., presents issues which either are moot or not ripe for decision at the present time. *Thorpe v. Housing Authority,* 393 U.S. 268, 281–84, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Aetna Life Insurance Co. v. Ha-*

1. 42 U.S.C.A. § 1857h–5(b) (West Supp. 1975). 2. *Id.*

*worth,* 300 U.S. 227, 239–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Vulcanized Rubber & Plastics Co. v. Federal Trade Comm'n,* 103 U.S.App.D.C. 384, 258 F.2d 684 (1958). Therefore, we dismiss that petition without prejudice to the right of J. C. Penney Company, Inc., to present such issues as it wishes should the Administrator lift his suspension of 40 C.F.R. § 52.86 (1974) or promulgate new regulations pertaining to the same general subject matter.[3]

The petition of the State of Alaska directed to 40 C.F.R. § 52.88 (inspection/maintenance program) and § 52.93 (monitoring transportation trends) raises the same issues as we dealt with in *Brown v. Environmental Protection Agency,* 9 Cir., 521 F.2d 827 (9th Cir. 1975). We dispose of this petition in the same manner as was done in that case. That is, we hold that the Clean Air Act does not authorize the imposition of sanctions against the State of Alaska or its officials for failure to comply with the directives set forth in 40 C.F.R. §§ 52.88 and 52.93 (1974). The basis for our decision is the same in all respects as in *Brown v. Environmental Protection Agency, supra.* Therefore, there exists no reason to repeat them here. We do wish, however, to recognize the assistance afforded us by the State of Alaska through its brief and oral argument in resolving the issues raised in these two proceedings. Alaska, as well as California, contributed significantly to our understanding.

Our order of April 15, 1975, which stayed indefinitely all other regulations in the Alaska transportation control plan pending completion of a reevaluation and revision of the plan,[4] continues in effect.

Dismissed in part and granted in part.

---

3. During oral argument before this panel of the Court in *Brown v. Environmental Protection Agency,* 9 Cir., 521 F.2d 831 (1975), counsel for the EPA responded to inquires made by members of the panel in a manner that could be interpreted as indicating an intent to revoke 40 C.F.R. § 52.86 (1974). We do not regard the Administrator's indefinite suspension and assurances as sufficiently different from revocation to justify a different disposition of this case.

4. 40 C.F.R. §§ 52.85, 52.86, 52.87, 52.89, 52.90, 52.91, 52.92 (1974).