No. 04-14-00497-CV

IN THE

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

DAVID GOAD
Appellant

v.

THE COUNTY OF GUADALUPE, TEXAS,
Appelle.

FROM THE 25TH JUDICIAL DISTRICT COURT
GUADALUPE COUNTY, TEXAS

Trial Court No. 12-1923-CV
William Old, Judge Presiding

---

## APPELLANT'S BRIEF II

---

David Goad, *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

IDENTITY OF PARTIES..................................................................................i

INDEX OF AUTHORITIES.........................................................................ii, iii

STATEMENT OF THE CASE.............................................................................1

STATEMENT OF THE JURISDICTION..............................................................2

ISSUES PRESENTED.................................................................................2, 3

**ISSUE ONE**: Did Chief Appraiser, Jamie Osborne and friends commit fraud upon the court in their quest to obtain a favorable judgment?

**ISSUE TWO**: Did Jamie Osborne and others with deliberate indifference, engaged in conduct intended to deprive David Goad and Natalie Goad of their rights protected under the 14th Amendment?

**ISSUE THREE**: Did the trial court abuse its discretion in denying hearing's for Goad's motion's?

**ISSUE FOUR:** Did the trial court clerk fail to provide Goad with documentation under TRAP 6.3 *"Any notice, copies of documents filed in an appellate court, or other communications must be sent to: (c) a party if the party is not represented by counsel"* to place Goad at a disadvantage?

**ISSUE FIVE:** For medical reasons, Goad was unable to attend the trial on June 2, 2014.

**ISSUE SIX:** Does the trial court abide by its own rules?

**ISSUE SEVEN:** Was Goad served with a complaint which complies with the rules (TRCP)?

**EXHIBITS.**...............................................................................................3

Exhibits 1 thru 17 are separately attached,
(EXHIBITS TO APPELLATE BRIEF CASE NO. 04-14-00497-CV

ORAL ARGUMENT........................................................................................3

FACT STATEMENT ..............................................................................4, 5, 6, 7

SUMMARY OF ARGUMENT.......................................................................7, 8

ARGUMENT AND AUTHORITIES.................................................................8, 9

CONCLUSION AND REQUESTS......................................................................9

CERTIFICATE OF SERVICE..........................................................................10

## IDENTITY OF PARTIES AND COUNSEL

**David Goad**, Appellant, *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052


**The County of Guadalupe, Texas,** Appellee.

Represented by:
McCreary, Veselka, Bragg & Allen, P.C.
Mathew Tepper, (bar no. 24029008)
700 Jeffrey Way., Suite 100
Round Rock, Texas 78665
512-323-3200
512-323-3294 (fax)

## INDEX OF AUTHORITIES

**CASES** Exhibit (Ex) Page (pg)

*Accardi v. Shaughnessy*, 347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954)..Ex 8, pg 7

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987)..............................................Ex 8, pg 4

*Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009)..........................................................Ex 8, pg 5

*Brown v. Western Ry.*, 338 U.S. 294, 296 (1949)................................................Ex 8, pg 5

*Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987)..............................pg 9

*City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148 (Tex.1995)........................pg 9

*Conroy v. Manos*, 679 S.W.2d 124 (Tex.App.-5[th] Dist., 1984)..............Ex 8, pg 7,8,9

*Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391, 394 (Tex.1989)..............pg 9

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)..............................................Ex 8, pg 5

*Evett v. Detntff*, 330 F.3d 681, 687 (5th Cir. 2003)..........................................Ex 8, pg 4

*Felder v. Casey* 487 U.S. 131, 138 (1988)........................................................Ex 8, pg 5

*Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972)........Ex 8, pg 7

*Gay v. Heller*, 252 F.2d 313 (C.A.5.Fla., 1958)................................................Ex 8, pg 9

*Gomez v. Toledo* 466 U.S. 635 (1980)..............................................................Ex 8, pg 5

*Goad v. Anderson* SA-08-CA-0674....................................................................pg 4

*Hanson v. Jordan*, 145 Tex. 320, 198 S.W.2d 262, 263 (1946)..........................pg 9

*Harlow v. Fitzgerald* U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)..............Ex 8, pg 4

*Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir 1998)
(citing *Colston v. Barnhart* (5th Cir. 1997)..............................................Ex 8, pg 4

*Howlet v. Rose* 496 U.S. 356, 375 (1990)........................................................Ex 8, pg 4

*Levine V. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960)............................pg 7

*Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 1980, 80 L.Ed.2d 565 (1984)............Ex 8, pg 9

*Republican Party v. Dietz*, 940 S.W.2d 86, 89 (Tex.1997)............pg 9

*Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934)............Ex 8, pg 7

*SPRADLIN v. JIM WALTER HOMES, INC.*, 34 S.W.3d 578, 580 (Tex. 2000)............pg 9

*United States v. Sciuto*, 521 F.2d 842, 845 (7th Cir. 1996)............pg 8

## PUBLICATIONS

42 U.S.C.A. § 1983 (West 1981)............Ex 8, pg 8

42 U.S.C.A. § 1985 (West 1981)............Ex 8, pg 8

U.S. Supreme Court Center,
*see* http://supreme.justia.com/constitution/amendment-05/16-due-process.html............Ex 8, pg 7

## STATUTES, CODES, and PROCEDURES

TEXAS PROPERTY CODE,
Chapter 141. TRANSFER TO MINORS Sec. 141.002............pg 7

LOCAL RULES OF PRACTICE AND PROCEDURE 25th, 2nd 25th, and
274th Judicial District of Texas, Guadalupe County. 2005............Ex 9 pg 3, 5

Civil Practices and Remedies Code (TRCP)
TRCP 1, 2, 8, 13, 21, 45, 50, 57, 58............Ex 8, pg 5
TRAP 6.3............pg 2

## FEDERAL

RICO............pg 4, 5

Federal Rules of Civil Procedure 12(b)(6)............pg 4

Section §1983, §1985 of Title 42 of U.S.C............Ex 8, pg 8

Constitution of the United States of America............pg 8

No. 04-14-00497-CV

IN THE

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

DAVID CARL GOAD
Appellant.

v.

THE COUNTY OF GUADALUPE, TEXAS,

Appelle.

APPELLANT'S BRIEF II

TO THE HONORABLE FOURTH COURT OF APPEALS:

David Goad (father) and Natalie Goad (daughter), appellants in this proceeding and defendant in the trial court, files this Brief in support of their appeal from a judgment entered against them on June 2, 2014. The judgment is for property taxes, fees and penalties levied upon a one-acre parcel of land (Goad property) located adjacent to the runway within the Zuehl Flying Community (Zuehl), in Guadalupe County, Texas.

## STATEMENT OF CASE

1. David Goad (Goad) and Natalie Goad (NGoad) will show this appeal surrounds fraud(s) brought upon the trial court by powerful public officials to take the Goad property. The trial

1

court and staff refused to follow its own rules and procedures. These actions or lack thereof denied the Goad's rights to the fundamental legal process our forefathers provided each of us in the United States Constitution.

## STATEMENT OF JURISDICTION

2. This is an appeal from orders coming from the 25th District Court, Guadalupe County, Texas. This Court has jurisdiction over these matters from the lower Court.

## ISSUES PRESENTED

**ISSUE ONE**: Did Chief Appraiser, Jamie Osborne and friends commit fraud upon the court in their quest to obtain a favorable judgment?

**ISSUE TWO**: Did Jamie Osborne and others with deliberate indifference, engaged in conduct intended to deprive David Goad and Natalie Goad of their rights protected under the 14th Amendment?

**ISSUE THREE**: Did the trial Court abuse its discretion by refusing to rule upon Goad's motions, or conduct any hearings on Goad's motions?

**ISSUE FOUR:** Did the trial court clerk fail to provide Goad with documentation under TRAP 6.3 *"Any notice, copies of documents filed in an appellate court, or other communications must be sent to: (c) a party if the party is not represented by counsel"* to place Goad at a disadvantage? This leaves Goad not knowing what was or was not, forwarded to this appeals Court, or the numbering sequence to reference the documents in this brief. Guadalupe County was alerted to this fact when they received Goad's first brief more than thirty days prior. Goad supposes Guadalupe County thinks they "have it in the bag."

**ISSUE FIVE:** For medical reasons, Goad was unable to attend the trial on June 2, 2014.

**ISSUE SIX:** Does the trial court abide by its own rules, Texas State Rules, Federal Rules?

2

**ISSUE SEVEN:** Was Goad served with a complaint that complies with TRCP?

## EXHIBITS

3. All exhibits are attached or otherwise referenced and incorporated into and made a part of this brief. All exhibits are true copies of the originals.

## ORAL ARGUMENT REQUESTED

4. The alligations Goad makes are serious and need to be brought out fully in order that no one else suffers from the same. Goad is a poor writer. Over the years, he relied upon editors. Now, he can no longer afford an editor/writer and with his well-documented health issues together with the medication(s) he takes, his memory and other basic skills are at times diminished to a level that Goad's written communication's are confusing and unclear. You will find this apparent in reading Goad's original pleadings. For these reasons, it is important that Goad be allowed to argue these matters before the court.

5. Please find **Exhibit "9"**, the first five pages of the LOCAL RULES OF PRACTICE AND PROCEDURES adopted by the 25th Judicial District. Referring to: ORDER ADOPTING RULES 25th, 2nd, 274th JUDICIAL DISTRICT OF TEXAS FOR GUADALUPE COUNTY. (4) page 2. The clerk failed to provide Goad with a copy of these rules and upon request, the clerk failed to produce the "record" for inspection of those who have received a copy. The clerk stated they did not keep such records.

6. More importantly, Page 5. 1. Settings 1.1 "No Court will notify a party of a setting except in the case of a request for a setting by a *pro se* litigant." The court refused to set any hearings after Goad requested, see **Exhibit "5"**, **also in** paragraph 12 in DEFENDANT'S MOTION TO CHANGE VENUE, **also under** REQUESTS in SPECIAL EXCEPTION &

3

MOTION TO DISMISS, **also in** REQUEST SETTING BE MADE BY CLERK/COORDINATOR (note this is third from the top on the face of DEFENDANT'S DEMAND FOR JURY TRIAL), **also in** NOTICE TO RESUBMIT,

## FACT STATEMENTS

7. The Goad property was purchased on September 27, 2007, for $12,500.00 under the Texas Gift to Minors Act for Natalie and Kristin Goad. The intended use of the property was to generate income to fund Goad's two daughters through college. Six months after the purchase on March 31, 2008, a fence was erected with the assistance of Guadalupe County Officials, see **Exhibit "A"** blocking all public access. The one-acre parcel became landlocked and unusable. It took nearly one year just to remove the aircraft in **Exhibit "A"**, but the fence stayed. This rendered the property with no value. In 2013, the value was increased to $21,713.00. At no time did Guadalupe County adjust downward the property value or taxes while it was landlocked and unusable. Would this be do to Goad suing their friends? A little retaliation maybe? However, in 2014, the Goad property's value was reduced to $10,956.00, better than a 50% reduction and the fence is down with access to the public road in front of the property! Sadly, Ms. Osborne refused to provide the trial court with this valuable piece of information prior to the trial date. It appears Ms. Osborne had at least six months to inform the court.

8. On August 12, 2008, Goad filed in Federal Court a civil RICO case surrounding the fence including civil rights violation under Section 1983, *Goad v. Anderson* SA-08-CA-0674. Guadalupe County Sherriff, Guadalupe County, and others were also named defendants in the RICO suit.

9. On October 10, 2008, the defendant's were granted a hearing on a motion to dismiss (12(b)(6). U.S. Magistrate Nancy Stein Nowak, rejected the 12(b)(6) motion ruling in favor of

4

Goad, see **Exhibit "B"** *" there's a RICO claim that's going to survive today. I count my blessings that in 20 years on the bench I haven't had to deal too much with RICO claims. But it looks like we're going to have to deal with one in this case. And that's going to be expensive for everyone. And Mr. Goad is representing himself."*

10. Ten days after the October 10 hearing, the first of six arrests of Goad's witnesses began. Guadalupe County while being named defendants in the RICO case, carried out those arrests, see **Exhibit "C"** issued by U.S. District Judge Fred Biery provides a bit of light. The case reverted to Judge Biery after the defendant's (Guadalupe County) objected to Judge Nowak remaining on the case.

11. Goad was served with **Exhibit "D"** an incomplete three-page citation. Goad responds with: 1. **DEFENDANT'S MOTION TO CHANGE VENUE, 2. DEFENDANT DAVID GOAD'S ORIGINAL ANSWER, REQUEST FOR DISCLOSURES ALL SUBJECT TO HIS MOTION FOR VENUE CHANGE, SPECIAL EXCEPTIONS, COUNTERCLAIMS AND OTHER LEGAL ISSUES NOT RIPE FOR DEFENDANT'S ORIGINAL ANSWER,** and on December 5, 2012, when Goad's computer is back up and running: 3. **SPECIAL EXCEPTION & MOTION TO DISMISS,** containing references to TRCP 1,2,8,13,21,45 ,47,50,57, and 58.

12. However, the court staff refused to set a hearing on this matter and all others in direct conflict with their own **Local Rule 1. Settings 1.1. No Court will notify a party of a setting except in the case of a <u>request for setting</u> by a *pro se* litigant.** See Exhibit "5" filed (mailed) on December 5, 2012, (**SETTING NOTICE**)

13. On February 3, 2012, Goad files (mailed) **DEFENDANT'S DEMAND FOR JURY TRIAL** and **MOTION TO STRIKE FROM NON-JURY DOCKET** and **REQUEST**

5

**SETTING BE MADE BY CLERK/COORDINATOR**. The clerk/coordinator still refused to set a hearing date for Goad's motions. Furthermore, Goad was refused a jury trial and his fee was not returned upon request. See **Exhibit "6"**

14. Goad was denied a continuance, yet the court refused requests to provide an order to that effect. **Exhibit "7A, 7B, & 7C"** the first "7A" was hand delivered to Judge Old's office. The second "7B" page is an email to the clerk for Judge Old. The third "7C" is a letter requesting a copy of the order of denial. Goad never received a response or a copy of the order.

15. On February 7, 2012, Goad mails **NOTICE TO RESUBMIT** with additional funds for a jury trial. No jury trial is granted and the fee not returned.

16. Goad files suit in Justice Court against Chief Appraiser Jamie Osborne, see **Exhibit "8"**. This is not a part of the record; however, it is used here to identify the acts by Jamie Osborne which constitutes fraud upon the court in this case.

17. **Exhibit "10"** is a copy of Jamie Osborne's affidavit. Paragraph 16 is deceptive and adds an outright fabrication. Ms. Osborne's own records proves her office sent a protest to Goad's address with the prior owners name, however, this was just a computer glitch, since she had Goad's address they in fact knew Goad was the owner. Yes, Goad was noticed for the 2014 hearing; however, Goad did not protest 2014. In 2014, the taxes had been lowered by more than 50%. This protest was brought by Jamie Osborne, not Goad.

18. On January 14, 2008 (meter indicates 2007 which is incorrect, since Goad did not own the property in January of 2007) Goad receives from Jamie Osborne's office this envelope, **Exhibit "11"** containing **Exhibit "12"**. **Exhibit "11'** is in copied in color so one can clearly see the date stamp by the postal service. **Exhibit "13"** is Goad's response.

6

Notice provided to Tavie Murphy's office (Guadalupe County Tax Assessor) on August 3, 2009. See **Exhibit "14"** and **Exhibit "15"** sent the next day because Goad forgot to mention the protest.

19. Although, no protests or correspondence(s) were found with Goad's name on them (confirmed with **Exhibit "16" & "17"**) we find **Exhibit "18"** provided to Goad via a FOIA request. This proves someone entered Goad's name in a protest, but what happened to the hearing? Fortunately, for Goad, this piece did not get sanitized.

20. A copy of Goad's Notice of Protect for 2013! **See Exhibit "19"**. Goad notes outright fraud and fraudulent appraisal because the value was doubled in 2013, to $21,713.00, from $10, 500, decreasing to $10, 956.00 in 2014, when the property had access to a public road.

21. Goad learned in his 2014 FOIA request (open records) of **Exhibit "20"**. Yes, these jerks scared my then 20-year-old daughter Natalie into signing this agreement. Natalie had no legal authority to sign and the tax office had full knowledge, as it is posted on the legal description as "DAVID GOAD CUSTODIAN FOR NATALIE H GOAD." Natalie did gain legal control of the property in June of 2014, on her 21st birthday and fire sold the property shortly thereafter. See **TEXAS PROPERTY CODE**. TRANSFER TO MINORS Sec. 141.002. (1) "Adult" means an individual who is at least 21 years of age.

## SUMMARY OF ARGUMENT

22. Appellant, David Goad, was deprived all avenues of due process, from the Judge to the clerks and then the final blow by the Small Claims court when David Goad sued Jamie Osborne **(Exhibit "8")**. Keeping with the spirit of Guadalupe County, Judge Friesenhahn, believes he drove the final nail in David Goad's coffin, see **Exhibit "21"**. Over David Goad's dead body! If this is not fraud upon the courts, nothing is! Guadalupe County, thru Jamie Osborne

7

was given fair notice and fair warning to adjust the value of the property prior to the judgment being entered, they sanitized the files assuming David Goad did not have records, but missed a page or two. The judgment indicates (see IT IS THEREFORE ORDERED THAT: 3 & 4) a market value of $21,713.00 on June 2, 2014, it was in fact $10,956.00, and listing Natalie Goad as a defendant wherein Natalie had no legal authority over the property. Jamie Osborne knew she would be protected by the Black Robe Syndicate of Guadalupe County, so why do anything about it?

## AUTHORITIES

23. The protections supported by the Fourteenth Amendment were trashed in this case. Not only did Ms. Osborne refuse to allow a protest in which her office initiated, but also separate protests filed by Goad. While her friends at the Courthouse allow no settings, no hearings on Goad's motions, no jury trial, no due process, and would not even return Goad's fees he paid for a jury trial.

24. The United States Supreme Court has ruled and has reaffirmed the principal that "justice must satisfy the appearance of justice", *Levine V. United States*, **362 U.S. 610, 80 S.Ct. 1038 (1960).** The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce. Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the United States Constitution, *United States v. Sciuto*, **521 F.2d 842,845 (7th Cir. 1996).**

25. Guadalupe County Courts felt it important enough to forward a copy of their rules to the

8

Texas Supreme Court, however, they did not feel it was important that Goad be allowed to use those same rules. Goad supposes Guadalupe County (all of the Judges, clerks, property appraisers, and others) must believe Goad is not worthy of any rules, or even the Constitution of the United States of America! See *SPRADLIN v. JIM WALTER HOMES, INC.*, **34 S.W.3d 578, 580 (Tex. 2000)**("Presuming that the language of the Texas Constitution is carefully selected, we construe its words as they are generally understood. *City of Beaumont v. Bouillion,* 896 S.W.2d 143, **148 (Tex.1995).** We rely heavily on the plain language of the Constitution's literal text. *Republican Party v. Dietz,* 940 S.W.2d 86, 89 **(Tex.1997);** *Edgewood Indep. Sch. Dist. v. Kirby,* 777 S.W.2d 391, **394 (Tex.1989).** Consistent with these fundamental principles, we "give effect to all the words of a statute and [do] not treat any statutory language as surplusage[,] if possible." *Chevron Corp. v. Redmon,* 745 S.W.2d 314, **316 (Tex.1987).** We avoid constructions that would render any constitutional provision meaningless or nugatory. *Hanson v. Jordan,* **145 Tex. 320,** 198 S.W.2d 262, **263 (1946).**

## REQUEST

26. Appellant, David Goad, asks this Court to reverse the judgment in favor of David Goad and have Natalie Goad's name cleared. Furthermore, David Goad asks for a reasonable wage for his work on this appeal, all costs, and any other remedies in law or equity the Court demes appropriate.

27. DECLARE THIS CASE AS FRAUD UPON THE COURT, if not, others will be injured. Goad is not the only human to enter Guadalupe County.

Challenge Goad, let him come forward to argue before your Court.

9

## DECLARATION

I, David Goad, if requested to do so, could and would competently testify under oath, based upon my personal knowledge that what I have presented in this Brief is the truth, and each exhibit is a true copy of the original.

I freely swear under the penalty of perjury under the Laws of the United States of America that my above statements are true and correct to the best of my knowledge.

Respectfully submitted,

David Goad, Appellant *Pro Se*
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2051

## Certificate of Service

I certify that a true copy of this APPELLANT'S BRIEF was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel on March 11, 2015 as follows:

McCreary, Veselka, Bragg & Allen, P.C.
Mathew Tepper, (bar no. 24029008)
700 Jeffrey Way., Suite 100
Round Rock, Texas 78665
512-323-3200
512-323-3294 (fax)
U.S. Mail

David Goad